RUFUS EDNEY, Adm'r, v. THOMAS A. EDNEY and others.

*Practice—Interlocutory Order by Consent.*

An interlocutory order or decree entered in a cause by consent, cannot
be modified or altered otherwise than by the consent of both parties,
except upon petition or motion in the cause, specifying imposition,
fraud or other adequate cause going to the whole order or decree, and
constituting such as would be ground to set it aside by a civil action in
the case of a final decree.

(*Wilcox* v. *McLain*, 2 Hay., 368; *Ricks* v. *Williams*, 1 Dev. Eq., 3, cited
and approved.)

MOTION to strike out a portion of a Decree, heard at Spring
Term, 1879, of HENDERSON Superior Court, before *Gudger, J.*

See same case, 80 N. C., 81. Upon the certificate of the
opinion of the supreme court, the plaintiff moved for an
order to resell the premises mentioned in the pleadings,
which motion was not resisted, but the defendant moved to
add to the decree in the cause in accordance with the opin-

ion of the supreme court, that defendant should be reimbursed out of the proceeds of sale the amounts expended in the former purchase of the land, including taxes, &c., and the plaintiff desired that the rents and profits be included, when it was agreed that the defendant should have such decree, and an order for the sale of land was granted.

On Friday evening of the same term of court, the counsel of both parties called upon the judge, and the defendant's counsel submitted the decree he had prepared, when the plaintiff's counsel pointed out some objectionable features in the same. It was thereupon re-written by defendant's counsel and the announcement made to the judge that they had agreed upon the terms, and requested the judge to sign it by consent, which he did without scrutinizing it, because the decree had been agreed to, signed and filed by the counsel of the parties.

On the next morning the plaintiff's counsel moved to strike from the decree that portion of it which directed the arbitrator to credit the defendants, Moss and Rice, with such sums as they or either of them had paid to get possession of the land purchased by them. This was objected to by the defendant, who then filed an affidavit of Moss, setting forth among other matters, that the rents and profits of the land which he undertook to buy at the sale, were not equal in value to the improvements put thereon by the affiant. The court after hearing the argument of counsel on both sides declined to strike from the judgment the part objected to, and from this ruling the plaintiff appealed.

No counsel in this court for plaintiff.
*Messrs. Reade, Busbee & Busbee,* for defendant.

DILLARD, J. In this cause an appeal was taken to, and decided by, this court at last term, reported in 80 N. C., 81, wherein the decree of the court below, setting aside a sale

of land made by its authority to O. H. Moss and D. G. Rice, was affirmed and a certificate of the opinion directed to be issued.

At the last term of the superior court of Henderson county, upon the coming down of the certificate from the supreme court, the cause stood for hearing, when the parties agreed upon and prepared a decree by consent, which was present-ed to and signed by the judge and filed in the cause. At a later day in the same term, the plaintiff moved to strike from the decree the clause which provided for the mode and manner of ascertaining the sum to be repaid to the pur-chaser, which was opposed, and His Honor having disal-lowed the motion the present appeal is taken.

The decree entered by consent was what is termed an in-terlocutory order, and the general rule is that such orders made in the progress of a cause are in the breast of the court during the term at which they are passed, and may be altered in any respect, and also may be rescinded or modified at any time after the term and before the final hearing by a proper case being made out. The formal and orderly proceeding for rescission or amendment of such or-der is, by a *viva voce* motion in matters of course, which, ac-cording to the course of the court, may be granted without hearing both sides ; and by written petition in matters spe-cial affecting the rights of other parties, so as to notify them of the grounds and enable them to show cause against the same and adduce evidence, if necessary, in opposition. Adams' Eq., 348. *Wilcox* v. *McLain*, 2 Hay., 368; *Ricks* v. *Williams*, 1 Dev. Eq., 3.

This is the rule, it will be observed, when the order sought to be rescinded or modified is the order of the court. But a decree by consent is the decree of the parties, put on file with the sanction and permission of the court; and in such decrees the parties acting for themselves may provide as to them seems best concerning the subject matter of the litiga-

tion, and with the like sanction of the court they may alter or amend from time to time, with the assent of all. But where a consent decree is entered, neither party can strike from it a material part or clause, nor have the aid of the court to do so, without the consent of the other. For if it could be so done, then a party, by order of the court, may be held to a decree with a material clause stricken out, without which he would never have assented to it, and one which, in its altered form, the court could never have made.

A decree by consent as such must stand and operate as an entirety or be vacated altogether, unless the parties by a like consent shall agree upon and incorporate into it an alteration or modification. If a clause be stricken out against the will of a party, then it is no longer a consent decree, nor is it a decree of the court, for the court never made it.

There is no doubt a decree by consent, either enrolled or not, may be rescinded or modified; but it is certain it cannot be done by a petition to rehear, or on a bill of review for errors of law apparent, for the reason that it was not the judgment of the court; and therefore, if erroneous, the error was not the error of the court. In such case it would seem to be a necessity to seek remedy by an original bill under the old system, or by civil action under the new, on the ground of fraud and imposition and the like. *Monnel* v. *Lawrence*, 12 Johns. Rep., 521; *Harrison* v. *Ramsay*, 3 Ves.

Just so in the case of an interlocutory order after or during the term at which it was entered under our code-system: The order, if entered by consent, could not be modified by striking out a clause against the consent of a party opposing, nor for error as upon a petition to rehear, but it would have to be done by a motion or petition in the cause, specifying imposition or fraud or other adequate cause, going to the whole order and constituting such as would be ground to set it aside on an original bill in the case of a final decree.

In this case, from the case of appeal made out by the judge, the plaintiff moved to strike out a single clause of the decree by consent, and the other party not consenting, and no special ground of circumvention, imposition, or fraud having been urged so far as we can see, there was no error in disallowing the plaintiff's motion. Judgment of the court below is affirmed. Let this be certified.

No error. Affirmed.