## A. H. STUMP & SONS v. L. B. LONG.

*Consent Judgment—Mistake—Fraud.*

A judgment or order made in a cause by consent of parties or their attorneys is binding and cannot be set aside or modified, except upon the ground of a mistake of both parties, or for fraud; and this, by civil action and not by motion.

(*Bradford* v. *Coit*, 77 N. C., 72; *Wilson* v. *Land Co. Ib.*, 446; *Edney* v. *Edney*, 81 N. C., 1, cited and approved.)

MOTION to set aside a judgment (under the Code, § 133) heard at Fall Term, 1880, of MECKLENBURG Superior Court, before *Seymour, J.*

The motion was allowed and the plaintiffs appealed.

*Messrs. Wilson & Son,* for plaintiffs.
*Messrs. Shipp & Bailey,* for defendant.

RUFFIN, J. This was a motion of the defendant, L. B. Long, made under section 133 of the Code to be relieved of so much of a judgment rendered in the cause as deprived him of his personal property exemption. The following are the facts, which we state, not that we can review His Honor's findings as to them, but that it may be seen whether his ruling upon the facts, as found, is correct.

The plaintiffs having recovered two justice's judgments against the defendants, Long and Johnston, partners under the firm name of L. B. Long & Co., caused them to be docketed in the superior court on the 13th of January, 1880; and after issuing executions which were returned unsatisfied, they commenced supplemental proceedings before the clerk, who on the 17th of January, 1880, issued an order to the two defendants, Long and Johnston, to appear before him on a day fixed and answer concerning their property, and to bring with them all their books of accounts and all books showing what amounts were due individually, as well as members of the firm, and in the mean time forbidding them to dispose of any part of their property. On the 22d of January the clerk made another order, which after reciting the steps previously taken in the matter, proceeds as follows: " I do hereby order, by consent of parties, that E. K. Osborne be appointed receiver of all the estate and property of every kind of L. B. Long & Co., and that said receiver be invested with all rights and powers as receiver according to law and that he proceed to collect the accounts due and owing the

defendant copartnership, and apply the same to plaintiffs' claims; and further that the said defendant turn over to said receiver all the estate, property and effects of the said firm."

On the 25th day of March following, after having given due notice to the plaintiffs, the defendant, Long, moved the clerk to so modify his last order as to provide for his personal property exemption out of the firm property, and he accompanies his motion with an affidavit in which he swears that so much of the order as either expressly or by implication purports to be a waiver of his right to have such exemption was unauthorized by him, and against his express desire that the same should be allowed him, that he was not present when the order was agreed to or signed, and if his counsel understood him as agreeing to it, while he imputed to him perfect good faith, he misunderstood him; that in anticipation of being allowed to have such exemption, he had the very day before the examination began procured his partner's written assent thereto; that he was advised by his counsel that the appointment of a receiver in the case could not affect his right to have it allowed, and therefore he assented that such appointment might be made; but that was as far as he intended to go, and that he did not authorize his counsel to waive his claim to his exemptions, and that he had no knowledge of the same being done for several days afterwards, when he and his counsel went to the clerk's office to look after his exemptions, when they discovered that the order had been so drawn as to exclude him; that he never did, and never intended to consent to any order by which he surrendered the right given him by law. To this the plaintiff filed the counter-affidavit of his attorney, in which it is stated that the defendant was present when the order was signed and that he was also represented by counsel; that the defendant, Long, had been examined by the clerk touching the property of the firm, and

that immediately thereafter the order as drawn was agreed on and was dictated by counsel on both sides, that it distinctly sets forth the agreement and understanding of the parties, and that no claim to any exemption was set up by the defendants, or either of them ; and that if there had been, he would never have agreed to the order as made, but would further have pressed his investigations into the affairs of the firm and their assets. The clerk declined to allow the motion of the defendant to modify the order, and he thereupon appealed to the judge, who finding as a fact in the cause " that the defendant, Long, consented to the order appointing a receiver under a belief that he was not waiving his personal property exemption in the property therein specified," directed the order to be modified in that particular and from this order the plaintiffs appealed.

Conceding, as we do, that the finding of His Honor as to the intent with which the petitioner assented to the order for the appointment of the receiver, is conclusive as to that matter and cannot be appealed from, it still remains to be determined whether such a finding is legally sufficient to justify the judgment rendered. It is not denied that the defendant, either in person or by his attorney, consented to the order. Indeed we understand His Honor's finding to go to the extent of saying that the defendant himself consented to it. But supposing it to be otherwise and that he was only committed to it by the consent of his counsel, how then does his case stand ? Every agreement of counsel entered on record and coming within the scope of his authority, must be binding on the client. To hold otherwise would lend to much uncertainty to many of the most important business transactions—so important and so solemnly disposed of that the parties are willing to have their agreements in regard to them enter into, and become a part of the judgments of the court, to be permanently recorded upon the dockets of the country. Neither the courts nor other

parties, can look behind such an act on the part of an attorney, to enquire into his authority or the extent and purport of the client's instructions. His acts and his admissions must be taken as those of him whom he represents. As said by Judge READE in *Bradford* v. *Coit*, 77 N. C., 72: " The negligence of counsel, or mismanagement of the case, or unfaithfulness, are all matters to be settled between client and counsel. No harm must be allowed to befall others on account of it." We are bound then to treat the case as if the petitioner had been actually present and given his assent to the order as drawn. He agreed to it because his attorney did. Can a party, after having given his assent to a judgment or order of the court, be afterwards heard to say that such assent had proceeded from a mistake, on his part, as to the effect thereof and for that reason have the same modified? If so, then, the court would be making a consent judgment for the parties, not according to the agreement of both, but according to the understanding of one of them. If this was a bill for the correction of a mistake in a deed, the plaintiff could get no relief upon the facts stated in his application, for in such a case one of two things must appear : either that the mistake was that of both the parties, or that of one with a fraudulent concealment on the part of the other. *Wilson* v. *Western N. C. Land Co.*, 77 N. C., 446. There is no pretense here of any fraud or mutuality of mistake, and we cannot see why the same principle does not apply. To modify the order will be to make a new and a different agreement for the parties, and to vacate it altogether cannot restore them to their original standpoint. A consent order may be set aside and declared void, if the consent be procured by fraud, just as any other contract may be, but this as said by Judge DILLARD in *Edney* v. *Edney*, 81 N. C., 1, must be done by a civil action on the ground of fraud and imposition and cannot be done on motion.

We are of the opinion, therefore, that His Honor erred in

directing any modification to be made in the order of the clerk appointing a receiver and that the defendant's motion should be overruled.

Error.                                                                    Reversed.