M. A. McEACHERN and others v. F. W. KERCHNER, Adm'r.

### *Consent Judgment, relief against.*

1. A judgment by consent cannot be corrected by the court without the consent of all the parties to it. It is not the judgment of the court except in the sense that it is recorded and has the effect of a judgment. In such case the court can only correct its own errors in making the entries, as for instance, the misprision of its clerk.

2. A party complaining of such judgment upon the ground of fraud or mistake, can seek redress by instituting a new action.

3. An interlocutory consent order may be corrected upon motion in the cause.

(*Edney* v. *Edney*, 81 N. C., 1; *Stump* v. *Long*, 84 N. C.; 616, cited and approved).

SPECIAL PROCEEDING for account and settlement, commenced before the clerk, and heard at January Special Term, 1883, of RICHMOND Superior Court, before *Graves, J.*

This was a motion to amend the record in said proceeding, and upon consideration of the same, after argument of counsel, the judge ordered that the judgment of the clerk be reversed, and remanded the proceeding to the probate court to be disposed of according to law, and from this judgment the plaintiff, Margaret A. McEachern, appealed.

*Messrs. Frank McNeill* and *T. A. McNeill*, for plaintiff.
*Messrs. Burwell, Walker & Tillett*, for defendant.

MERRIMON, J. In a proceeding duly instituted and pending in the court of probate of the county of Richmond between the devisees and legatees under the will of John Fairley, deceased, and F. W. Kerchner, administrator with the will annexed of the said John Fairley, to settle and wind up the estate in the defendant's hands, a judgment by "*consent of all the parties*" was entered, on the 8th day of August, 1877, with the consent and sanction of the court.

12

The defendant, afterwards, in the same proceeding, on the 21st day of May, 1881, and after the said proceeding had been ended, filed his petition, wherein he prays, "that the said terms of compromise be filed and entered in this cause, and the said decree so reformed and amended as to conform to the true intention and agreement of the parties." The notice given in connection with this petition, was of a motion "to be allowed to file the terms of agreement and compromise made by the parties in said cause, and upon which the consent and compromise decree was entered, and to make such amendments or modifications of said decree as may be necessary to declare and give effect to said agreement."

The judgment complained of makes no reference to any terms of compromise or settlement, other than is set out therein, nor does it make any reference to papers of any nature connected therewith.

The clerk of the superior court, after hearing the said motion, on the 10th day of April, 1882, denied the same, on the ground " that the decree appearing upon its face to be a decree *by consent*, can only be amended and reformed by consent." From this judgment the defendant appealed to the superior court of that county. The superior court reversed the judgment of the clerk, and remanded the case with directions to proceed according to law. Thereupon the plaintiff, Margaret A. McEachern, appealed to this court.

The facts found by the court of probate are not before this court. Indeed it does not appear that the facts were found by that court at all.

We think that the superior court erred in reversing the judgment of the clerk.

A judgment by "consent of parties," is a judgment, the pro-provisions and terms of which are settled and agreed to by the parties to the action to be affected by it, and it is placed upon, and becomes of record, by the consent and sanction of the court. The court does not settle the grounds or the terms of it; it is not

the judgment of the court, except in the sense that the court allows it to go upon the record and have the force and effect of a judgment; and, therefore, the court cannot amend, modify or correct it, except by the consent of all the parties to it. It is essentially, in its provisions, the agreement of the parties, and if the court should change it in any respect without consent, it would cease at once to be the judgment agreed upon by the parties; and such exercise of judicial power would be a practical denial of the right of the party prejudiced, or supposing himself prejudiced, to be heard according to law.

If a party to such a judgment complains of it because of inadvertence, mistake, accident or fraud in the agreement to have it entered of record, he can have redress only by consent of all the parties, or by an action instituted for that purpose, making all proper parties independent of the action in which such judgment was entered. In such independent action he can allege and set forth such grounds of complaint against such judgment as he may have, and the court can grant such relief as he may be entitled to.

In case of an *interlocutory consent* order complained of for like causes, it might be corrected upon petition and motion, pending the action, but not after the action has been ended. This is allowed because the action could not be determined until any contest about such interlocutory order should be determined. After the action is determined, the judgment cannot be assailed for any of the causes mentioned, except through a new action.

The subject of judgments by consent is ably discussed by Mr. Justice DILLARD in *Edney* v. *Edney*, 81 N. C., 1. This case is fully approved in *Stump* v. *Long*, 84 N. C., 616. These cases are, in material respects, like that before us, and it must be governed by them.

The court in case of a consent judgment could only correct some error of its own in respect to the entry of the judgment, as for example, if only a part of the consent judgment had been entered on the record, or the clerk had by inadvertence miscopied a word or phrase of the agreement settling the terms of

the judgment filed with the court. In such and like cases the court could correct its own errors, but it could not add to, modify or correct the agreement. Nothing of this sort is suggested in the present case.

The judgment in question was a final one; the action was terminated; the defendant prays in his petition to file papers not filed with the court at the time the judgment was entered; nor is any reference made to them in the judgment, and he prays to correct and amend the judgment in accordance with the papers referred to in the petition. The appellant does not consent to the filing of the papers, or the correction prayed for; on the contrary, she refuses to do so, and assigns sundry grounds specified in her answer to the petition why she will not.

It is very clear that the court cannot amend the judgment. We do not intend to intimate that the defendant could not have redress by a proper action, notwithstanding this decision.

This in no way involves the power of the court to amend its records at all times, so as to make them speak the truth.

There is error. The judgment of the superior court must be reversed. Let this be certified to the superior court, to the end that the judgment there may be reversed, and judgment affirming the judgment of the clerk of the superior court may be entered according to law. It is so ordered.

Error.                                          Reversed.