J. M. HARRISON v. A. T. DILL AND J. E. FISHER.

(Filed 6 October, 1915.)

1. **Appeal and Error—Assignments of Error—Exceptions.**
   Assignments of error must rest upon exceptions taken at the time they are due in the orderly course of procedure, and should coincide with and not be more extensive than the exception itself; and no assignment of error will be considered on appeal unless founded upon an exception duly entered.

2. **Judgments—Motions to Vacate—Findings—Appeal and Error.**
   The findings of fact of the trial judge, upon motion made to vacate a judgment, are conclusive on appeal when there is any evidence to support them.

3. **Judgments by Consent—Motions to Vacate—Findings—Judgments Vacated.**
   A consent judgment entered in an action rests upon agreement made between two of the parties, which is authorized by the court, and when upon motion to vacate the judgment made in the lower court it appears from the facts found by the judge that the movant had filed an answer in due form denying the material allegations of the complaint, and a judgment has been entered purporting to be a consent judgment, but in fact without the consent of the movant, or his attorney of record, and that he had a good and meritorious defense, the judgment will be vacated.

4. **Same—Two Defendants—Consent of One.**
   Where it appears that a judgment against two defendants, purporting to have been entered by consent, was not in fact consented to by one of them, and that it was proper to have set it aside as to him, it is not error for the trial judge to refuse to vacate the entire judgment as to both defendants, when it therein appears that the subject-matter is not the same and that the plaintiff withdrew his suit as to the other defendant.

APPEAL by plaintiff from *Peebles, J.,* at the September Term, 1914, of CRAVEN.

This is a motion to set aside a judgment against J. H. Fisher alone, purporting to have been rendered at the September Term of said court, 1913, by consent. The court finds the following facts:

1. The original action was brought to recover back $325 which plaintiff alleged he had paid A. T. Dill for some bank stock which turned out to be worthless, and that he was induced to buy said stock by the false and fraudulent representations of said Dill, backed up by the false and fraudulent representations of defendant Fisher.

2. That plaintiff was represented by McIver & Nixon, Dill by Guion & Guion, and Fisher by R. O'Hara, who filed for Fisher an answer denying each and every material allegation in the complaint, and the action was continued from term to term until the September Term, 1913.

3. That prior to September Term, 1913, Fisher and plaintiff agreed to compromise and settle the case on terms set out in defendant Fisher's petition (to set aside the judgment), and Fisher executed and delivered to plaintiff a bond in the sum of $150 to secure the performance of his part of said agreement. This finding is based upon the verified petition of defendant Fisher not controverted.

4. That the plaintiff did not comply with his part of said agreement.

5. That said action was calendared for the September Term of said court, but was not reached and tried in its regular order. During the term aforesaid plaintiff's counsel showed O'Hara a consent judgment, which was not signed, and O'Hara refused to agree to it, and later the judgment set out in the record was prepared and signed by consent of the plaintiff's counsel and counsel for defendant Dill, but was never submitted to defendant's counsel, O'Hara. It was never submitted to defendant Fisher, and he never knew anything of it until the sheriff came to him with an execution issued on said judgment. That neither O'Hara nor the defendant Fisher assented to said judgment. It would be hard to believe that O'Hara or Fisher would, with a full knowledge of its contents, consent to a judgment that let go free A. T. Dill, the chief sinner, according to the allegations of the complaint, and who got the $325, and make defendant Fisher pay $325 and costs, when he had received no part thereof. I find that Fisher has, *prima facie,* a good defense to the action.

Upon the foregoing facts found by me, it is considered and adjudged that said judgment, as to defendant J. H. Fisher, be and the same is hereby set aside and vacated, and the action as to Fisher be replaced on the trial docket. It is considered and adjudged that defendant J. H. Fisher recover of the plaintiff the costs of this motion.

R. B. PEEBLES,
*Judge Presiding.*

The court announced that the former judgment signed by *H. W. Whedbee, judge,* was set aside, in so far as John H. Fisher was concerned, and plaintiff then moved that if only part of the judgment was set aside, it should be vacated as a whole. This the court refused to do, and the plaintiff excepted. The judgment of the court was then signed and filed, and the plaintiff again excepted.

*R. B. Nixon and W. D. McIver for plaintiff.*
*A. D. Ward for defendant.*

WALKER, J., after stating the case: The plaintiff has assigned eleven errors, as having been committed by the court in respect to its order setting aside the former judgment of the court, whereas only two exceptions were entered to the order of *Judge Peebles* at the time it was made. The object of an assignment of error is .not to create a new exception, which was not taken at the hearing, but to select from those which were taken such as the appellant then relies on after he has given more deliberate consideration to them than may have been possible during the progress of the trial or hearing. The assignment of error, therefore, must be based upon the exception duly taken at the time it was due in the orderly course of procedure, and should coincide with and not be more extensive than the exception itself. In other words, no assignment of error will be entertained which has not for its basis an exception taken in apt time. *Worley v. Logging Co.,* 157 N. C., 490; *Bank v. McArthur,* 168 N. C., 48. But waiving this serious objection to several assignments of error, we will state generally that they are predicated upon the ground that *Judge Peebles* had found facts contrary to the weight of the evidence, or that he had failed to find facts according to the testimony of certain witnesses for the plaintiff. We could not sustain these assignments of error, if they had been properly framed upon exceptions duly taken, for the reason that we do not pass upon the weight of the testimony or its sufficiency to prove facts, but in motions of this kind we are concluded by the findings of the judge, if there was any evidence to support them, and in this case we think that the findings were amply supported by the testimony. We might go further and say, if we could examine the testimony, that the findings are sustained by the greater weight of the testimony. It appears therefrom that the consent of J. H. Fisher was not given, and that neither he nor his attorney had any notice thereof. It further appears that Fisher had filed an answer to the complaint, denying all the material allegations thereof, and especially all the charges of fraud in connection with the sale of the stock, and the court could not, therefore, render a judgment by default final, or even by default and inquiry, if it had been such, nor could he take any action which resulted in a final judgment without the con-

sent of J. H. Fisher, so far as he was affected thereby. The court having found that he did not consent to the judgment, it should, therefore, have been set aside, upon the ground of irregularity, as being contrary to the course and practice of the court, as there was a material issue raised by the answer. A judgment or decree entered by consent is not the judgment or decree of the court, so much as the judgment or decree of the parties, entered upon its records with the sanction and permission of the court, and being the judgment of the parties, it cannot be set aside or altered without their consent. *Edney v. Edney,* 81 N. C., 1; *Lynch v. Loftin,* 153. N. C., 270; *Justice Manning* says in the case last cited: "In *Vaughan v. Gooch,* 92 N. C., 524, *Smith, C. J.,* speaking for this Court to the effect and validity of a consent judgment, said: 'The judgment, or, as it is termed, the decree, is by consent, and the act of the parties rather than of the court, and it can only be modified or changed by the same concurring agencies that first gave it form, and whatever has been legitimately and in good faith done in carrying out its provisions must remain undisturbed. The authorities to this effect are simple and decisive among our own adjudications.' In *Wilcox v. Wilcox* (36 N. C.), 1 Ired. Eq., 36, *Gaston, J.,* declares a decree rendered by consent to be in truth the decree of the parties, and in such a decree, *stat pro ratione, voluntas,* that is, their will is a sufficient reason for it. In *Edney. v. Edney,* 81 N. C., 1, *Dillard, J.,* says that 'a decree by consent, as such, must stand and operate as an entirety, or be vacated altogether, unless the parties by a like consent shall agree upon and incorporate into it an alteration or modification. If a clause be stricken out,' he adds, 'against the will of a party, then it is no longer a consent decree, nor is it a decree of the court, for the court never made it.' Such being the law in this State, the consent judgment was properly avoided as having beeen rendered without the consent of one of the parties thereto." The Court said, in *Bunn v. Braswell,* 139 N. C., 135: "The judgment of Spring Term, 1889, being by consent, is to be construed as any other contract of the parties. It constitutes the agreement of the parties made a matter of record by the court at their request." And *Judge Gaston* further said, in *Wilcox v. Wilcox, supra,* that a consent judgment is nothing more than a decree of the parties which is entered of record at their request and with the permission of the court.

But in order to bind a party by an alleged consent judgment, it must necessarily appear that his consent thereto was given, and. if the contrary appears, it is, of course, not a consent judgment, and then the question arises, if the judgment was in any other way authorized by the law. Where an answer is filed denying the allegations of the complaint, the defendant is entitled to a trial by a jury, unless it is waived in the manner prescribed by law, or unless he gives his consent that judgment may

be entered notwithstanding his answer, and if the court renders judgment upon a complaint, the allegations of which are denied, and without the consent of the party, or a trial by the jury, the judgment will be irregular, and the court will set it aside on motion. So that in this case the order of the court was correct, unless there is merit in the other exception taken by the plaintiff, which is, that the court should set aside the entire judgment. It did set aside the judgment, in its entirety, so far as it affected Fisher, but we understand the plaintiff to content that the court should have set aside the judgment as to A. T. Dill, the other defendant. When we examined the judgment itself, which was entered at the September Term, 1913, by *Judge Whedbee,* we find that the judgment, as to Dill, apparently had no connection with that part of the judgment against Fisher. It recites that Harrison and Fisher had come to an agreement as between themselves in regard to the controversy, and then it is stated that J. M. Harrison, the plaintiff, withdraws his suit as against the said A. T. Dill, and admits his inability to sustain his allegations as to him. This was clearly a nonsuit or *retraxit* as to Dill, leaving the suit as pending between Harrison and Fisher alone, and a compromise or consent judgment is then entered as between them and without regard to any liability of A. T. Dill. So that the court in this case has complied with the rule that a decree by consent must stand and operate as an entirety or be vacated altogether, unless the parties by like consent shall agree upon and incorporate into it some alteration or modification, or some new term. "If a clause be stricken out against the will of the party, then it is no longer a consent decree, nor is it a decree of the court, for the court never made it." *Edney v. Edney, supra; Stump v. Long,* 84 N. C., 616; *McEachern v. Kerchner,* 90 N. C., 179; *Simmons v. McCullin,* 163 N. C., 409. The court, therefore, having found the fact in regard to the consent against the plaintiff, there was nothing to do but to set aside the judgment, as the answer denied the allegations of the complaint and set up a meritorious defense, all of which was duly verified. There was no error in the order and judgment of the court.

Affirmed.