CECIL JEANETTE WALTERS (NOW ZIEGLER) v. MELVIN ROYCE WALTERS

No. 30PA82

(Filed 11 January 1983)

**Divorce and Alimony § 19.5— separation agreements approved by court are court ordered judgments—abolishment of dual consent judgment approach**

   Instead of following the dual consent judgment approach in family law, the Court established a rule that whenever the parties bring their separation agreements before the court for the court's approval, it will no longer be treated as a contract between the parties. All separation agreements approved by the court as judgments of the court will be treated as court ordered judgments. These court ordered separation agreements are modifiable and enforceable by the contempt powers of the court in the same manner as any other judgment in a domestic relation case.

   Justices CARLTON and MEYER dissent.

   Justice EXUM dissenting.

ON defendant's petition for discretionary review of a decision of the Court of Appeals, 54 N.C. App. 545, 284 S.E. 2d 151 (1981) (opinion by *Hill, J.,* with *Vaughn, J.,* and *Whichard, J.* concurring), vacating and remanding the judgment of *Black, D.J.,* entered 18 December 1980 Civil Session of District Court, MECKLENBURG County.

The defendant seeks through this action to have the provisions of a consent judgment declared separable in accordance with the determination at district court. Such a result would enable the trial court to treat the periodic cash payments provision within the consent judgment as alimony. If treated as alimony the payments could be terminated under G.S. 50-16.9(b) since the plaintiff has remarried.

These parties were married 18 February 1956 and separated 11 December 1977. Plaintiff was awarded alimony *pendente lite* on 8 May 1978. Later that same year on 4 October 1978 a jury found the plaintiff was entitled to permanent alimony as the dependent spouse of the defendant. Before the court entered a judgment on the issue of permanent alimony the parties went to the bargaining table and agreed to a consent judgment. At the request of these parties this agreement was placed within an order of the District Court of Anson County which was filed 4 October 1978. The consent judgment as it appeared in the court's order was as follows:

Now, THEREFORE, by and with the consent of the parties as evidenced by their signatures affixed hereto, it is by consent, ORDERED, ADJUDGED AND DECREED, as follows:

1. The defendant, Melvin Royce Walters, is hereby ordered and directed to pay to the plaintiff, Cecil Jeanette Walters, said payments to constitute alimony, the sum of One Thousand ($1,000.00) Dollars per month, beginning October 1978, and continuing for sixty-two (62) months thereafter, for a total of sixty-three (63) payments, said payments to be made quarterly in advance, commencing October 1st, 1978, and the quarterly payments thereafter to be payable on January 1st, April 1st and July 1st, and October 1st of each successive year until all of the payments shall have been made, provided, however, the defendant, Melvin Royce Walters, shall be allowed six (6) weeks following the due date of any payment in which to make the same without being in default of the provisions of this Order.

2. The defendant, Melvin Royce Walters, will simultaneously with the entry of this Judgment execute a fee simple warranty deed for all of his right, title and interest in and to that real estate located in Burnsville Township, that was

conveyed to the parties to this action by deed dated January the 23rd, 1968, and recorded in Deed Book 160, page 636, Registry of Anson County. This conveyance, however, shall be subject to any outstanding liens and ad valorem taxes existing at the time of the conveyance.

3. It is further ORDERED that the provisions of this Judgment shall be enforceable by contempt proceedings.

4. It is further ORDERED that the plaintiff, Cecil Jeanette Walters, be permitted to use and enjoy that certain motor vehicle heretofore provided her by her husband until the first periodic payment as herein provided is made.

5. It is understood that the payments as herein provided shall be made by the defendant to the plaintiff regardless of whether or not the parties are divorced or the plaintiff should remarry during said period of time.

On 14 June 1979 plaintiff filed a motion requesting the court find defendant in civil contempt for unilaterally reducing the monthly payments to her from $1,000 to $500 in violation of the court's order. The court agreed to enforce its order through its contempt powers and ordered the defendant jailed until he complied with the consent judgment. On 20 August 1979, after the defendant asserted an inability to make payments of $1,000 a month, the district court reduced the payments to $500 a month while extending the time for payment to 101 months pursuant to another consent judgment. Then on 19 April 1980 plaintiff remarried and the defendant ceased making any payments. Plaintiff once again sought enforcement of the now modified consent judgment through the court's contempt power. The defendant responded with a motion to terminate the alimony payments in accordance with G.S. 50-16.9(b).

In an order filed 18 December 1980, Judge Black denied the plaintiff's motion for contempt but he allowed defendant's request to terminate the alimony payments. At this hearing the plaintiff argued that she was entitled to the payments even upon remarriage in accordance with the provisions of the consent judgment. However, aside from the consent judgment itself the plaintiff failed to present any evidence to support her claim that the payments were non-modifiable. In viewing the consent judgment,

Judge Black found the instrument ambiguous on the issue of whether the provisions of the agreement were reciprocal. As a result the court determined that under *White v. White,* 296 N.C. 661, 252 S.E. 2d 698 (1979), the plaintiff had failed to present sufficient evidence to rebut the presumption of separability of provisions as set out in *White, supra.* Under the presumption the periodic cash payments may be treated as alimony which is both modifiable and terminable pursuant to G.S. 50-16.9.

Plaintiff appealed to the North Carolina Court of Appeals where the case was argued 15 October 1981. In an opinion filed 17 November 1981, the Court of Appeals vacated and remanded Judge Black's judgment holding the consent judgment of 4 October 1979 to be an integrated property settlement which had no separate provision for alimony. In so holding, the Court of Appeals felt that even though the consent judgment was ambiguous the plaintiff had rebutted the presumption of separability of provisions through her explanation of what the provisions meant. The defendant then filed in this Court a petition for Discretionary Review which was allowed 4 May 1982.

*James, McElroy & Diehl, P.A. by William K. Diehl, Jr., and Katherine S. Holliday, for defendant-appellant.*

*Thomas D. Windsor and Larry Harrington, for plaintiff-appellee.*

COPELAND, Justice.

The primary issue presented in this case is whether the original consent judgment within a court order of 4 October 1978 which was later amended by a consent judgment within a court order of 20 August 1979, may be modified. This Court has confronted this question of modification of consent judgments several times in the last few years, most recently in *Rowe v. Rowe,* 305 N.C. 177, 287 S.E. 2d 840 (1982) and *White v. White,* 296 N.C. 661, 252 S.E. 2d 698 (1979). However, as evidenced by two different analyses employed at the district court and the Court of Appeals, apparently there is some confusion in this area of family law.

For years in numerous decisions this Court has recognized the existence of two types of consent judgments. In the first type of consent judgment, which is nothing more than a contract, "the

court merely approves or sanctions the payments . . . and sets them out in a judgment . . ." *Bunn v. Bunn,* 262 N.C. 67, 69, 136 S.E. 2d 240, 242, (1964). These court approved contracts, which are not orders of the court, require the parties to seek enforcement and modification through traditional contract channels. *Levitch v. Levitch,* 294 N.C. 437, 241 S.E. 2d 506 (1978). "A judgment or decree entered by consent is not the judgment or decree of the court, so much as the judgment or decree of the parties, entered upon its records with the sanction and permission of the court, and being the judgment of the parties it cannot be set aside or altered without their consent." *Harrison v. Dill,* 169 N.C. 542, 545, 86 S.E. 518, 519 (1915). *Ellis v. Ellis,* 193 N.C. 216, 136 S.E. 350 (1926).

In the second type of consent judgment, "the Court adopts the agreement of the parties as its own determination of their respective rights and obligations and orders . . ." that the provisions of the separation agreement be observed. *Bunn v. Bunn,* 262 N.C. at 69, 136 S.E. 2d at 242. Court ordered consent judgments, which result from the adoption of the separation agreement, are no longer enforced or modified solely under contract law principles. "When the parties' agreement with reference to the wife's support is incorporated in the judgment, their contract is susperseded by the Court's decree." *Mitchell v. Mitchell,* 270 N.C. 253, 256, 154 S.E. 2d 71, 73 (1967).

As an order of the court, the court adopted separation agreement is enforceable through the court's contempt powers. This is true for all the provisions of the agreement since it is the court's order and not the parties' agreement which is being enforced. *Bunn v. Bunn,* 262 N.C. 67, 136 S.E. 2d 240 (1964); *Rowe v. Rowe,* 305 N.C. 177, 287 S.E. 2d 840 (1982). In addition to being enforceable by contempt, the provisions of a court ordered separation agreement within a consent judgment are modifiable within certain carefully delineated limitations. As the law now stands, if the provision in question concerns alimony, the issue of modifiability is determined by G.S. 50-16.9. However, if the provisions in question concern some aspect of a property settlement, then it may be modified only so long as the court's order remains unsatisfied as to that specific provision. "An action in court is not ended by the rendition of a judgment, but in certain respects is still pending until the judgment is satisfied." *Abernethy Land and*

*Finance Co. v. First Security Trust Co.*, 213 N.C. 369, 371, 196 S.E. 340, 341 (1938); *Walton v. Cagle*, 269 N.C. 177, 152 S.E. 2d 312 (1967). Therefore, property provisions which have not been satisfied may be modified.

We now see no significant reason for the continued recognition of two separate forms of consent judgments within the area of domestic relations law. This conclusion is a result of the realization that while in law those court sanctioned separation agreements in consent judgments create nothing more than a contract, in practice those non-court ordered consent judgments generate great confusion in the area of family law.

Instead of following this dual consent judgment approach in family law, we now establish a rule that whenever the parties bring their separation agreements before the court for the court's approval, it will no longer be treated as a contract between the parties. All separation agreements approved by the court as judgments of the court will be treated similarly, to-wit, as court ordered judgments. These court ordered separation agreements, as consent judgments, are modifiable, and enforceable by the contempt powers of the court, in the same manner as any other judgment in a domestic relations case. Insofar as this rule is in conflict with the previous decisions of this Court in *Bunn v. Bunn*, 262 N.C. 67, 136 S.E. 2d 240 (1964) and *Levitch v. Levitch*, 294 N.C. 437, 241 S.E. 2d 506 (1978), those cases will no longer control. This new rule applies only to this case and all such judgments entered after this decision.

This is not a harsh rule. The parties can avoid the burdens of a court judgment by not submitting their agreement to the court. By not coming to court, the parties preserve their agreement as a contract, to be enforced and modified under traditional contract principles.

Under our new rule every court approved separation agreement is considered to be part of a court ordered consent judgment.

Through this decision we intend to clarify an aspect of family law which has suffered through many years of confusion. However, except as herein stated, consenting parties may still elect any of the options available to them prior to this opinion.

For example, the parties may keep the property settlement provision aspects of their separation agreement out of court and in contract, while presenting their provision for alimony to the court for approval. The result of such action would be that the alimony provision is enforceable and modifiable as a court order while the property settlement provisions would be enforceable and modifiable under traditional contract methods.

We therefore hold that the opinion of the Court of Appeals is reversed and this case remanded to that court for a remand to the District Court of Mecklenburg County for entry of the original judgment.

Reversed.

Justices CARLTON and MEYER dissent from this opinion.

Justice EXUM dissenting.

I must dissent from the result reached by the majority. The provisions of the consent judgment that require defendant to pay a specified sum of money to plaintiff over a specified time "regardless of whether or not the parties are divorced or the plaintiff should remarry during said period of time" are so clearly an agreement by defendant to pay a sum certain of money and *not* to pay alimony "even though denominated as such," that as a matter of law it may not be modified under our decision in *White v. White*, 296 N.C. 661, 252 S.E. 2d 698 (1979). In order for provisions for payments in a consent judgment to be modifiable, the consent judgment must first be a true order of the court. *Bunn v. Bunn*, 262 N.C. 67, 136 S.E. 2d 240 (1964). I have no quarrel with the majority's conclusion that this consent judgment did constitute a judgment of the court. Beyond this I cannot concur in the majority's opinion.

The second requisite for modifiability of an unexecuted provision for periodic payments

> is that the order be one to pay alimony. Even though denominated as such, periodic support payments to a dependent spouse may not be alimony within the meaning of the statute [G.S. 50-16.9(a)] and thus modifiable if they and other provisions for a property division between the parties con-

stitute reciprocal consideration for each other. As explained by Justice, now Chief Justice Sharp in *Bunn v. Bunn, supra*, 262 N.C. at 70, 136 S.E. 2d at 243:

> '[A]n agreement for the division of property rights and an order for the payment of alimony may be included as separable provisions in a consent judgment. In such event the division of property would be beyond the power of the court to change, but the order for future installments of alimony would be subject to modification in a proper case. (Citations omitted.) *However, if the support provisions and the division of property constitute a reciprocal consideration so that the entire agreement would be destroyed by a modification of the support provision, they are not separable and may not be changed without the consent of both parties.'* (Emphasis added.)

*White v. White*, supra, 296 N.C. at 666-67, 252 S.E. 2d at 701. It is this second requirement for modifiability, *i.e.*, that the court-ordered payments be alimony, that is not met as a matter of law in this case. The consent judgment is not ambiguous on this point. The district court, therefore, erred in conducting an evidentiary hearing on this question, and the Court of Appeals correctly reversed the district court's determination that the payments were modifiable.

The majority unnecessarily departs from well-considered and helpful principles firmly established in our case law which coalesced in *Bunn v. Bunn, supra*, 262 N.C. 67, 136 S.E. 2d 240, a well-analyzed opinion by Justice, later Chief Justice, Sharp. On the one hand the opinion quotes and cites *Bunn* approvingly, but then indicates that some portions of *Bunn* and *Levitch v. Levitch*, 294 N.C. 437, 241 S.E. 2d 506 (1978), may be inconsistent with the decision and are overruled.

Apparently the majority's position is that whenever parties enter into a consent judgment* in a domestic relations case any

---

* By the term "consent judgment," I mean to refer only to those judgments in which the court adopts the agreement of parties as its own judgment and directs performance of the agreement. These are the only kinds of judgments properly called "consent judgments" and the only ones which have caused any difficulty.

unexecuted provisions of the judgment are always modifiable by the court notwithstanding that the parties, for reasons satisfactory to themselves, have agreed that these provisions shall not be modified. The majority chooses, ostrich-like, simply to ignore the fact that consent judgments, even in domestic cases, have attributes of both judgments and contracts. All of our domestic relations cases, so far as my research reveals, have recognized this fact; of course *Bunn v. Bunn, supra,* does also. Thus this Court said in *McCrary v. McCrary,* 228 N.C. 714, 719, 47 S.E. 2d 27, 31 (1948):

> A judgment by consent is the agreement of the parties, their decree, entered upon the record with the sanction of the court. [Citation omitted.] It is not a judicial determination of the rights of the parties and does not purport to represent the judgment of the court, but merely records the pre-existing agreement of the parties, [Citations omitted.] It acquires the status of a judgment, with all its incidents, through the approval of the judge and its recordation in the records of the court.

The fact that the consent judgment rests on a contract between the parties makes it "no less a decree of the court." *Bunn v. Bunn, supra,* 262 N.C. at 70, 136 S.E. 2d at 243. One of the attributes of a court decree is that it is enforceable by contempt. The court's power to enforce its judgment by contempt is not lessened by the fact that the judgment was entered by consent. *Bunn v. Bunn, supra; Stancil v. Stancil,* 255 N.C. 507, 121 S.E. 2d 882 (1961); *Smith v. Smith,* 247 N.C. 223, 100 S.E. 2d 370 (1957); *Edmundson v. Edmundson,* 222 N.C. 181, 22 S.E. 2d 576 (1942).

Because, however, a consent judgment is also a contract between the parties, the agreement, unless it is against public policy, *Rowe v. Rowe,* 305 N.C. 177, 287 S.E. 2d 840 (1982), may not be modified by the court where the parties intend that certain provisions not be modified. Thus the Court said in *King v. King,* 225 N.C. 639, 640, 35 S.E. 2d 893, 899 (1945):

---

Where a court merely approves the parties' agreement but does not direct its performance, nothing but a contract results; there is no consent judgment. *See Levitch v. Levitch, supra* in text; *Bunn v. Bunn, supra* in text.

[I]t is a settled principle of law in this jurisdiction that a consent judgment cannot be modified or set aside without the consent of the parties thereto, except for fraud or mutual mistake, and the proper procedure to vacate such judgment is by an independent action . . . .

In *Webster v. Webster*, 213 N.C. 135, 195 S.E. 362 (1938), the parties entered into a consent judgment whereby the defendant (father) agreed to pay $20 per month for the support of a child born of the marriage of the parties during the time the child was in the custody of the plaintiff (mother). The judgment provided that the plaintiff would have custody of the child except for one week out of each month when the defendant would have custody. Thereafter the plaintiff left the child with the defendant for a total of twenty weeks during a thirty-three week period and the defendant refused to make the support payments during the twenty-week period. The plaintiff began contempt proceedings against the defendant. The trial court, while refusing to hold the defendant in contempt, modified the earlier consent judgment by requiring the defendant to pay $20 per month to the plaintiff irrespective of who had custody of the child. On appeal this Court held that the trial court had no power to modify the agreement in this manner. The Court said, 213 N.C. at 138, 195 S.E. at 364:

To hold, as ruled by the court below, that the defendant is bound to pay the full amount of $20.00 per month for the care of the child, whether the plaintiff keeps the child any part of the time or not, would seem to impose upon the defendant an obligation which he did not assume, and result in the requirement of additional payments for the sole benefit of the plaintiff, with whom a complete settlement has been had. This cannot be held to have been in contemplation of the parties or in accord with their intent.

The judgment of the Superior Court must be reversed with directions that defendant be required to pay to the plaintiff only such sums as may be found to be due her for the support of the child when kept by her in substantial compliance with the agreement, as evidenced by the consent judgment, and not for periods during which the plaintiff may have voluntarily relinquished the custody and support of the child to the defendant in excess of the time specified.

Provisions for the payment of true alimony in consent judgments may, of course, be modified because modifiability is an inherent attribute of alimony, G.S. 50-16.9; *White v. White, supra; Bunn v. Bunn, supra.* The modifiability of alimony cannot be destroyed even by the parties' agreement because such an agreement is against public policy. *Rowe v. Rowe, supra.* The parties' agreement to make periodic payments other than alimony, however, must be enforced according to the terms of their agreement; and, like other provisions of the agreement, may not be modified if the terms of the agreement indicate the parties did not intend modification. *White v. White, supra; Bunn v. Bunn, supra.*

Modifiability, however, is not a prerequisite to enforceability of a consent judgment by contempt. *Henderson v. Henderson* (No. 100PA82, filed 11 January 1983). The judgment is enforceable by contempt not because it is modifiable, but because it is a judgment. Likewise, if the parties so agree, it is not modifiable because it is also a contract. I would also hold that enforceability by contempt is an attribute of a judgment that the parties may not change by agreement. Such an agreement would, like an agreement not to modify alimony payments, be against public policy and unenforceable.

Just as the parties cannot deprive the court of its power to enforce a consent judgment by contempt, neither can the court modify an agreement of the parties without their consent unless the agreement is unenforceable as against public policy.

The majority's holding today does not only overrule *Bunn v. Bunn,* supra; it also overrules *King v. King, supra, Webster v. Webster, supra,* and I suppose a legion of other cases which adhere to the principle that consent judgments, being in part a contract of the parties, cannot ordinarily be modified without the parties' consent. The effect of today's ruling is to preclude parties in domestic cases from settling their dispute in a manner satisfactory to them, agreeing on the terms of the settlement, having their agreement treated like other ordinary contracts, yet at the same time making the agreement enforceable pursuant to the contempt powers of the court by putting the agreement in the form of a consent judgment. Not only is the majority's decision in conflict with all the cases which have heretofore spoken on the

subject, I am satisfied the rule it announces is unwise, if not practically unworkable.

I vote to affirm the Court of Appeals.