Judges WELLS and COZORT concur.

—————————————

JAMES F. WELLS v. LUCY MARIE WELLS

No. 881DC296

(Filed 6 December 1988)

1. **Husband and Wife § 10— separation agreement—incorporation into divorce judgment—improper acknowledgment—enforcement of alimony provision**

    The trial court's authority to incorporate a separation agreement into a divorce judgment did not depend upon the validity of the agreement, and there was no merit to plaintiff's contention that the trial court had no authority to incorporate the separation agreement into the divorce judgment and to find plaintiff in contempt for failing to make alimony payments required by the separation agreement and divorce judgment on the ground that the separation agreement was not properly acknowledged because the notary public taking the acknowledgment was defendant's attorney, was paid a fee by plaintiff, and thus had an interest in the agreement in violation of N.C.G.S. § 52-10.1.

2. **Divorce and Alimony § 21.6— separation agreement in divorce judgment—alimony order—contempt—attorney fees**

    A provision in a separation agreement incorporated into a divorce judgment requiring plaintiff to pay defendant $550.00 per month until defendant "remarries or dies" was an alimony order, not a property settlement, and the trial court could properly award attorney fees to defendant in a proceeding to enforce the alimony provision.

APPEAL by plaintiff from *Parker (J. Richard), Judge.* Order entered 22 October 1987 in District Court, CURRITUCK County. Heard in the Court of Appeals 24 October 1988.

After a hearing on defendant's motion to have plaintiff show cause why he should not be held in contempt for failing to comply with a judgment entered 17 March 1986 ordering plaintiff to pay alimony to defendant, the trial judge made findings of fact and conclusions of law which, except as quoted, are summarized as follows:

> Plaintiff and defendant entered into a Deed of Separation which was dated 24 August 1984 and was incorporated into the 17 March 1986 Judgment of Divorce. The Deed of Separation was prepared by plaintiff's attorney and submitted to the court for its entry as the court's judgment "with the consent of both the Plaintiff and the Defendant." The Deed of Separation provides for the payment of $550.00 per month by plaintiff to defendant, "until the Defendant either remarries or dies." Defendant is alive and not remarried and plaintiff is in arrears under the terms of the Deed of Separation in the amount of $2,200.00 as of 1 June 1987. Plaintiff has "the means and ability to comply at the present time." Defendant's attorney has rendered valuable legal services to defendant and these services "have a reasonable value of at least $500."

> The Deed of Separation was incorporated into the Final Judgment of Divorce by the consent of both parties thereby becoming a part of the court's final judgment and is therefore subject to enforcement by contempt. The agreement by plaintiff to pay defendant $550.00 per month until defendant remarries or dies is an agreement to pay alimony. Plaintiff's failure "to comply with the Order of this Court with regard to payments by the Plaintiff to the Defendant has been willful and without just cause or excuse, and therefore constitutes contempt of this Court." Defendant is entitled to an award of attorney's fees from plaintiff.

Based on his findings and conclusions, the trial judge found defendant in contempt and stated the following:

> Plaintiff . . . shall remain in custody until such time as he purges himself of contempt of this Court by payment into

the office of the Clerk of Superior Court of Currituck County, the sum of $2,200.00, which amount equals the total amount due to the Defendant as of June 1, 1987, together with the sum of $500 to be paid to the Defendant's Attorney, Van H. Johnson, payable through the office of the Clerk of Superior Court of Currituck County, or until Plaintiff is otherwise released, according to law.

Plaintiff appealed.

*Jennette, Morrison, Austin & Halstead, by John S. Morrison, for plaintiff, appellant.*

*Van H. Johnson for defendant, appellee.*

HEDRICK, Chief Judge.

[1] The record discloses that the Deed of Separation described in the findings of fact was prepared by defendant's attorney, and that both plaintiff and defendant acknowledged the Deed of Separation before defendant's attorney who was a notary public. The record further establishes that plaintiff was not represented by counsel at that time, and plaintiff paid defendant's attorney a fee of $600.00 pursuant to the agreement. Plaintiff now argues the Deed of Separation is and always has been "null and void" because it was not properly acknowledged in accordance with the provisions of G.S. 52-10.1. Plaintiff contends the notary public taking the acknowledgment, because he was paid a fee by plaintiff and because of his relationship to defendant as her attorney, had an interest in the matter and was a party to the contract in violation of G.S. 52-10.1. Plaintiff therefore argues the court had no authority to incorporate the Deed of Separation into the Judgment of Divorce and the court had no authority to find plaintiff in contempt for not making the payments prescribed in the separation agreement and the order. We disagree with plaintiff and affirm the order dated 22 October 1987, finding plaintiff in contempt and ordering him to purge himself by making the total payment of $2,700.00.

In *Walters v. Walters*, 307 N.C. 381, 386, 298 S.E. 2d 338 (1983), our Supreme Court stated:

[W]e now establish a rule that whenever the parties bring their separation agreements before the court for the court's

approval, it will no longer be treated as a contract between the parties. All separation agreements approved by the court as judgments of the court will be treated similarly, to-wit, as court ordered judgments. These court ordered separation agreements, as consent judgments, are modifiable, and enforceable by the contempt powers of the court, in the same manner as any other judgment in a domestic relations case.

Our Supreme Court has also stated that "[t]here is a presumption in favor of the regularity and validity of judgments in the lower court, and the burden is upon [an] appellant to show prejudicial error." *London v. London*, 271 N.C. 568, 570, 157 S.E. 2d 90, 92 (1967).

The trial judge's authority to incorporate a deed of separation into a judgment does not depend on the validity of the deed of separation. When the paper writing purporting to be the Deed of Separation was incorporated into the judgment, it merely set out the terms of the judgment. It is not the Deed of Separation that is being enforced in this proceeding; it is the judgment of the court which requires plaintiff to pay defendant $550.00 per month. Plaintiff has launched a collateral attack on the Judgment of Divorce dated 17 March 1986. If the judgment in question was void it could be attacked collaterally, but if it was merely irregular it could only be attacked by a direct appeal. *See Daniels v. Montgomery Mut. Ins. Co.*, 320 N.C. 669, 360 S.E. 2d 772 (1987). No appeal was taken from the judgment dated 17 March 1986, incorporating the Deed of Separation into the divorce judgment, which ordered plaintiff to pay alimony to defendant.

[2] Next, plaintiff argues the trial court erred in ordering him to pay attorney's fees in the amount of $500.00. Citing no authority, he argues the court may not order attorney's fees when the contempt proceeding is brought to enforce a property settlement. In effect, plaintiff contends the judgment of 17 March 1986 did not require him to pay alimony but instead constituted a property settlement between the parties. As pointed out above, the Deed of Separation incorporated into the judgment merely set forth the terms of the order. The Deed of Separation clearly provides that plaintiff would pay defendant $550.00 per month until defendant "remarries or dies, whichever event shall occur first." Clearly this is not a property settlement; it is alimony, and as such the order requiring plaintiff to pay attorney's fees is proper.

Affirmed.

Judges JOHNSON and PARKER concur.