DANIEL BRENENSTUHL, Plaintiff v. KAREN E. BRENENSTUHL (MAGEE),
Defendant

No. COA04-1007

(Filed 5 April 2005)

**Divorce— incorporated separation agreement—military retirement pay**

The trial court did not err by awarding defendant wife a portion of plaintiff husband's military retirement pay based on the parties' incorporated separation agreement subsequent to entry of divorce, because: (1) the incorporated provisions of the separation agreement is specifically entitled "Retirement Benefits," and the provision states that issues of retirement will be addressed at a future date; (2) the trial court had the authority to enter its subsequent order awarding defendant a portion of plaintiff's military pay since the court had not previously addressed the issue of retirement included in the separation agreement: (3) the provision in the separation agreement is not so overly broad or vague as to prevent the court from awarding defendant a portion of plaintiff's retirement pay; and (4) the separation agreement offered no specific language referring to an alternative means of distribution, and the trial court correctly applied the provisions related to retirement benefits found in N.C.G.S. § 50-20.1(d).

Appeal by plaintiff from order entered 18 May 2004 by Judge Leonard W. Thagard in Onslow County District Court. Heard in the Court of Appeals 10 March 2005.

*Sims & Strout, by Hurman R. Sims, for plaintiff-appellant.*

*Sullivan & Grace, P.A., by Nancy L. Grace, for defendant-appellee.*

TIMMONS-GOODSON, Judge.

Daniel Brenenstuhl ("plaintiff") appeals the trial court order awarding Karen E. Brenestuhl (Magee) ("defendant") twenty-five percent of plaintiff's military retirement pay. For the reasons discussed herein, we affirm the trial court order.

The facts and procedural history pertinent to the instant appeal are as follows: Plaintiff and defendant were married on 26 September

1987. The couple separated on 30 September 1997, and on 26 November 1997, they entered into a separation agreement detailing the division of their marital assets. Paragraph 16 of the separation agreement provided for "property division and settlement," and subsection (F) of the paragraph provided as follows:

> F. Retirement Benefits. Issues of retirement will be addressed at a future date.

On 21 January 1999, plaintiff filed a complaint requesting that the trial court dissolve the marriage and grant the parties absolute divorce. Plaintiff's complaint provided two amendments to the separation agreement unrelated to retirement benefits, and the complaint requested that the trial court incorporate the amended separation agreement into its divorce judgment. Defendant did not file an answer to plaintiff's complaint, and on 5 March 1999, the trial court entered a divorce judgment in the matter. The trial court incorporated the amended separation agreement into its divorce judgment, and it granted the parties absolute divorce.

In May 2003, plaintiff retired from the military. On 10 March 2004, defendant filed a motion in the cause requesting that the trial court "award the defendant's share of the plaintiff's military retirement pay" to her. Defendant stated that her "share of the plaintiff's military retirement pay was specifically reserved for later hearing" by the separation agreement, and that by virtue of plaintiff's retirement, she was "now entitled to have her share of the plaintiff's military retirement pay determined."

On 18 May 2004, the trial court entered an order awarding defendant a percentage of plaintiff's military retirement pay. In its order, the trial court made the following pertinent findings of fact:

> 5. That the Separation and Property Settlement Agreement that was incorporated into and made a part of the divorce Judgment specifically [provided] that: "F Retirement Benefits. Issues of retirement will be addressed at a future date." The agreement did not require that the issue of retirement benefits [] be asserted or made at or before the granting of the absolute divorce.

> 6. The parties contracted among themselves in the Separation Agreement to address the retirement issue at a later date.

> 7. That the Separation Agreement specifically reserved the division of the plaintiff's military retirement pay for a later date.

8. That neither party made a request for equitable distribution; however, the Separation Agreement allows the defendant to move the Court for division of plaintiff's military retirement pay post divorce.

. . . .

10. That there is not a bar to this Court now determining the division of the retirement pay as was provided in the Separation and Property Settlement Agreement.

11. The fact that the agreement was incorporated into the divorce Judgment makes an even stronger argument that the retirement pay can be divided at this time.

12. That the plaintiff retired from the military in May of 2003. That he retired in the state of North Carolina and continues to reside in this state.

13. That the parties were married on September 26, 1987 and they separated on September 30, 1997. That the parties were married and resided together for a period of 10 years. The plaintiff served in the military for approximately 20 years.

Based upon these findings of fact, the trial court concluded that defendant's claim for a portion of plaintiff's military retirement pay was preserved by the separation agreement, and that defendant was entitled to twenty-five percent of plaintiff's military retirement pay. Plaintiff appeals.

The issue on appeal is whether the trial court erred by awarding defendant a portion of plaintiff's military retirement pay. Plaintiff argues that the incorporation of the separation agreement into the divorce judgment prohibited the trial court from subsequently entering the order in favor of defendant. We disagree.

By executing a written separation agreement, married parties forego their statutory rights to equitable distribution and decide between themselves how to divide their marital estate following divorce. N.C. Gen. Stat. § 50-20(d) (2003). "These agreements are favored in this state, as they serve the salutary purpose of enabling marital partners to come to a mutually acceptable settlement of their financial affairs." *Hagler v. Hagler*, 319 N.C. 287, 290, 354 S.E.2d 228, 232 (1987).

The same rules which govern the interpretation of contracts generally apply to separation agreements. Where the terms of a separation agreement are plain and explicit, the court will determine the legal effect and enforce it as written by the parties. When a prior separation agreement fully disposes of the spouses' property rights arising out of the marriage, it acts as a bar to equitable distribution.

*Blount v. Blount*, 72 N.C. App. 193, 195, 323 S.E.2d 738, 740 (1984) (citations omitted), *disc. review denied*, 313 N.C. 506, 329 S.E.2d 389 (1985).

In the instant case, plaintiff asserts that the separation agreement entered into by the parties acts to bar defendant's claim to a portion of his military retirement pay, notwithstanding the provision of the separation agreement stating that "[i]ssues of retirement will be addressed at a future date." Plaintiff contends that the provision is too vague to establish a right in defendant to seek a portion of plaintiff's military retirement pay subsequent to entry of divorce, and that therefore the trial court was without jurisdiction to entertain defendant's subsequent claim for a portion of the retirement funds. We cannot agree.

In *Walters v. Walters*, 307 N.C. 381, 386, 298 S.E.2d 338, 342 (1983), our Supreme Court addressed an area of family law in "great confusion." At that time, North Carolina was recognizing two types of consent judgments related to divorce. The first type of consent judgment was a court-approved separation agreement, whereby the trial court " 'merely approve[d] or sanction[ed] the payments . . . and set[] them out in a judgment[.]' " *Id.* at 385, 298 S.E.2d at 341 (quoting *Bunn v. Bunn*, 262 N.C. 67, 69, 136 S.E.2d 240, 242 (1964)). In that type of consent judgment, the corresponding trial court order was unmodifiable absent consent of both parties. *Walters*, 307 N.C. at 385, 298 S.E.2d at 341. In the second type of consent judgment, court-adopted separation agreements, " 'the Court adopt[ed] the agreement of the parties as its own determination of their respective rights and obligations and orders[.]' " *Id.* (quoting *Bunn*, 262 N.C. at 69, 136 S.E.2d at 242). In that type of consent judgment, property provisions which were not satisfied could be modified by the trial court. *Walters*, 307 N.C. at 386, 298 S.E.2d at 341. After examining the differing forms of consent judgments, the Court in *Walters* determined that there was "no significant reason for the continued recognition of two separate forms" of consent judgments. *Id.* at 386, 298 S.E.2d at 341-42. The

Court accordingly rejected the "dual consent judgment approach" and announced a rule that

> whenever the parties bring their separation agreements before the court for the court's approval, it will no longer be treated as a contract between the parties. All separation agreements approved by the court as judgments of the court will be treated similarly, to-wit, as court ordered judgments. These court ordered separation agreements, as consent judgments, are modifiable, and enforceable by the contempt powers of the court, in the same manner as any other judgment in a domestic relations case.

*Id.* at 386, 298 S.E.2d at 342.

In the instant case, the incorporated provision of the separation agreement is specifically entitled "Retirement Benefits." The provision states that "[i]ssues of retirement will be addressed at a future date." As the Court recognized in *Walters*, " '[a]n action in court is not ended by the rendition of a judgment, but in certain respects is still pending until the judgment is satisfied.' " *Id.* at 385, 298 S.E.2d at 341 (quoting *Finance Co. v. Trust Co.*, 213 N.C. 369, 371, 196 S.E. 340, 341 (1938)). In the instant case, because the trial court had not previously addressed the "issues of retirement" included in the separation agreement, specifically those "Retirement Benefits" delineated by subsection (F)'s heading, we conclude that the trial court had the authority to enter its subsequent order awarding defendant a portion of plaintiff's military retirement pay.

We also conclude that the provision of the separation agreement is not so overly broad or vague as to prevent the trial court from awarding defendant a portion of plaintiff's retirement pay. We note that "[a]bsent more specific language in the separation agreement to the contrary, the governing law in North Carolina regarding division of retirement benefits is section 50-20.1 of the North Carolina General Statutes." *Gilmore v. Garner*, 157 N.C. App. 664, 670, 580 S.E.2d 15, 20 (2003). In the instant case, the separation agreement offered no "specific language" referring to an alternate means of distribution, and the trial court correctly applied the provisions related to retirement benefits found in N.C. Gen. Stat. § 50-20.1(d).

In light of the foregoing conclusions, we hold that the trial court did not err in awarding defendant a portion of plaintiff's military retirement pay. Accordingly, the trial court order is affirmed.

Affirmed.

Judges CALABRIA and GEER concur.