WILLIAM C. FRYKBERG v. NANCY C. FRYKBERG

No. 8426DC1333

(Filed 3 September 1985)

1. **Divorce and Alimony § 19.5— separation agreement—alimony provisions not modifiable**

   The trial court erred in treating a separation agreement as a court order, subject to modification of its alimony provisions, under the terms of a 1981 consent judgment where it is clear that the separation agreement was not incorporated into such judgment.

2. **Divorce and Alimony § 24.5— separation agreement—child support—increases based on Consumer Price Index—validity**

   A provision in a separation agreement not incorporated into a court order for automatic increases in child support based on the Consumer Price Index is not void as against public policy.

3. **Divorce and Alimony § 19.5; Husband and Wife § 10.1— separation agreement—provision prohibiting modification of alimony—validity**

   A provision in a separation agreement prohibiting a modification of the amount of alimony was not void as against public policy where the provisions of the separation agreement never became part of a court order.

APPEAL by defendant from *Sherrill, Judge.* Judgment entered 26 July 1984 in District Court, MECKLENBURG County. Heard in the Court of Appeals 21 August 1985.

This is a civil action wherein plaintiff seeks an absolute divorce. On 28 May 1980 defendant answered and counterclaimed. In addition to attorney fees and custody of the minor child adopted by the parties on 10 June 1977, defendant sought to recover alimony and child support in accordance with a separation agreement entered into by the parties on 12 October 1978. On 16 February 1981, the court entered a consent judgment containing the following pertinent provisions:

1. The Separation Agreement signed by the parties on October 12, 1978, is confirmed and is acknowledged by Plaintiff and Defendant to be the operative document governing their rights and liabilities arising from their former marital relationship. It is not necessary that their Separation Agreement be incorporated as part of this Court Order.

2. In the event of any future disagreements which may arise under the Separation Agreement, the parties acknowledge that they may, by filing an appropriate Motion in this suit, bring to the Court's attention such problems. It shall not be necessary for either Plaintiff or Defendant to file a separate lawsuit but rather by motion in the cause in this suit those matters can be dealt with. Any such motions shall be filed in accordance with the North Carolina Rules of Civil Procedure with ample notice to either Plaintiff or Defendant by service upon their attorneys of record.

. . .

4. Plaintiff acknowledges that he is in arrears with respect to alimony payments in the amount of $800.00. At the time this Order is signed, Plaintiff shall deliver to Defendant that amount plus interest as may be accrued from the due date of each payment.

. . .

6. Child support payments for the benefit of the minor child in Defendant's custody are determined by the Separation Agreement of October 12. Monthly payments are subject to an increase based upon the Consumer Price Index. For the period November, 1979, through October, 1980, Defendant was entitled to a 12.4% increase in child support payments, or the total sum of $37.20 per month in increased support. Plaintiff actually paid $30.00 per month in increased support and he thus owes Defendant $86.40 in increased support for the aforesaid time period. This amount shall be paid by Plaintiff to Defendant at the signing of this Order. For the twelve month period commencing November, 1980, through October, 1981, Plaintiff's obligations for child support shall be governed by Paragraph 3 of the Separation Agreement. The October Consumer Price Index is 254.1. That generates a 26.6%

increase in comparison with the October, 1978 base CPI index of 200.7. Plaintiff's monthly support obligation, effective November, 1980, through October, 1981, is thus $379.80. At the signing of this Order, Plaintiff shall pay to Defendant the additional sums due for the month of November and December, 1980.

On 6 March 1981 the court entered judgment granting the parties an absolute divorce. On 20 December 1982 defendant filed a motion in the cause, wherein she contended that plaintiff had breached certain provisions of the separation agreement pertaining to alimony and medical expenses incurred on behalf of the minor child. In her motion defendant asked that the court direct plaintiff to specifically perform the separation agreement, including payment of arrearages.

On 25 May 1983 plaintiff filed a motion to dismiss and response to defendant's motion in the cause, in which he set out as an "additional further defense" facts tending to show changes in his employment situation and economic status. Based on these contentions, plaintiff asked that "defendant's motion for specific performance of the separation agreement of the parties be denied, or in the alternative that the amount that the plaintiff be ordered to specifically perform be based upon the assets of the plaintiff and his ability to comply with any order of specific performance entered."

On 26 July 1984, following a hearing conducted approximately a year earlier, Judge Sherrill entered an order containing the following pertinent findings of fact and conclusions of law:

FINDINGS OF FACT:

1. Plaintiff and Defendant were married on June 11, 1966.

2. The parties separated on June 9, 1978.

3. During the course of the marriage, the parties adopted a minor child, Jennifer Jo Frykberg, born November 3, 1975.

4. The parties entered into a separation agreement on October 12, 1978, which provided for child custody, support,

alimony payments to the Defendant, and other matters of property settlement arising from the marital relationship.

5. Plaintiff filed a Complaint for absolute divorce based on one year's separation on March 18, 1980.

6. On May 28, 1980, Defendant (represented by counsel other than his present attorneys) filed an Answer and Counterclaim requesting child custody and support and specifically requested that the prior separation agreement entered into by the parties be incorporated into any judgment of divorce which might be entered. . . .

7. On October 8, 1980, Plaintiff replied to the Counterclaim. . . .

8. After resolving the matters in controversy themselves, the parties brought their agreement before the Court for entry of a Consent Judgment which was so entered on February 16, 1981.

9. This Consent Judgment, in Paragraph 1, "ordered, adjudged and decreed" that, "1. The Separation Agreement signed by the parties on October 12, 1978 is confirmed and is acknowledged by Plaintiff and Defendant to be the operative document governing their rights and liabilities, arising from their former marital relationship. It is not necessary that their Separation Agreement be incorporated as part of this Court Order." It further *ordered* that, "In the event of any future disagreements which may arise under the Separation Agreement. . . . It shall not be necessary for either Plaintiff or Defendant to file a separate lawsuit but rather by motion in the cause in this suit those matters can be dealt with."

. . .

11. The separation agreement provides in Paragraph 11, that ". . . the husband (Plaintiff) shall provide to the wife (Defendant) as alimony for her support and maintenance the sum of $1,000.00 per month." It states further that, "This payment is a fixed payment and shall not be subject to change except as provided in this paragraph."

12. Paragraph 3 provides, "The husband (Plaintiff) shall pay to the wife (Defendant) the sum of $300 per month on the

Friday following the execution of this agreement, and a like amount (as adjusted annually as set forth below) on the first Friday of each month thereafter, said sum for the partial support of the minor child, Jennifer Jo Frykberg, of the marriage." The agreement provided for an adjustment in the amount of child support based on the Consumer Price Index, to be made October 1 of each year, beginning in 1979, and to become effective with the November child support payment each year. It went on to provide for an adjustment in child support to at least $500 per month at such time that the wife is no longer receiving alimony. Accordingly, from November, 1981 through October, 1982, Plaintiff was obligated to pay $415 per month, and from November, 1982 through October, 1983, $436 per month as child support.

13. Paragraph 9 of the separation agreement provides, "The husband agrees to be responsible for all medical and dental and drug expenses incurred on behalf of the child not covered by insurance, until her 18th birthday."

14. At the time the separation agreement was entered into, the Plaintiff was working for E. F. Braswell Co. as a salesman of educational tools. . . . Defendant was working part-time for Crown Realty. The record is devoid of any evidence of what either of their incomes were at that time.

15. At the time of trial, Defendant still worked part-time for Crown Realty, but was receiving little income. She also worked part-time for commissions for Paul Revere Insurance Co.

16. At the time of trial, Plaintiff has ceased to work for E. F. Braswell due to the slowdown in business resulting from school budget cuts. He testified that in the Fall of 1980, he began working part-time with Carolina Alternative Energy (known as South Oaks). . . . He became full-time in February of 1982 and is currently President and chief salesman for the company. Since 1982, Plaintiff has expended most of this time and money to help make the business a success. He owns no interest in the company, but since October of 1982, Plaintiff has obligated himself on several loans to South Oaks and holds several promissory notes amounting to $47,226.46 which is owed him by the company. Plaintiff testified also

that his salary had been accruing and he had received no salary from South Oaks since February of 1983. He further testified that he owned no . . . assets of value. He is provided a car, maintenance-free, by South Oaks.

17. May 23, 1981, Plaintiff remarried, a little more than two months after the parties divorced. Plaintiff's wife is director of Freedom Mall branch of CPCC and had an income of about $18,000.00 for 1982.

18. Since April, 1982, Plaintiff has accumulated an arrearage in the child support and alimony payments he agreed, and later was ordered, to make.

19. From April, 1982, until the time of hearing, Plaintiff paid $14,082 to Defendant for alimony and child support, whereas under the separation agreement he should have paid some $22,850.00 to Defendant, leaving an arrearage of $8,769.00.

20. During this same period of time, Defendant made the loans referred to above to South Oaks, in excess of $47,000.00. His cancelled checks which Defendant offered into evidence demonstrate the consistency with which Plaintiff made these loans monthly, while falling behind in his support payments.

21. Defendant also incurred medical expenses for Jennifer in the amount of $235 during this period of time. These were unreimbursed expenses which Plaintiff refused to pay when requested by Defendant.

22. Plaintiff, in his pleading in response to Defendant's motion, prays that the Court not order specific performance, but if it does, to modify the amount of alimony to a level that he can more reasonably afford.

Based on the foregoing Findings of Fact, the Court makes the following

### CONCLUSIONS OF LAW:

1. Defendant is entitled to a judgment against Plaintiff for past due alimony and child support payments.

2. The provision in the separation agreement allowing for an automatic increase in child support based upon the Consumer Price Index of the previous [sic] is unenforceable and void as being against public policy since it is automatic with no consideration being given to the needs of the child nor the means or abilities of the parties.

3. The provision which purports to "fix" alimony at $1,000 per month is void and unenforceable for public policy reasons.

4. Defendant is entitled to recover $235 in unreimbursed medical expenses.

. . .

6. The Consent Judgment is an order of the Court and is enforceable and modifiable by the Court just as other orders of the Court, to the extent provided by law.

7. Plaintiff should have paid some $20,800.00 in alimony and child support and only paid $14,082.00. The arrearage of $6,718.00 is due and owing and Defendant is entitled to have the same reduced to Judgment against Plaintiff.

. . .

9. Plaintiff presented insufficient evidence to support a modification of the alimony provisions of the Consent Judgment.

Based on these findings and conclusions, Judge Sherrill entered an order awarding defendant $6,953.00 with interest and attorney fees. The court's order also contained the following pertinent provisions:

3. As of this date, and until such time that circumstances may require modification of this Order, as provided by law; Plaintiff is hereby ordered to pay to Defendant as child support the amount of $300 per month.

4. As of this date, Plaintiff is hereby ordered to pay to Defendant as alimony the amount of $1,000 per month.

5. Plaintiff's request for modification is denied.

. . .

7. The Court will retain jurisdiction over this matter for further orders as time and circumstances may dictate.

Defendant appealed.

*No counsel for plaintiff, appellee.*

*James, McElroy & Diehl, P.A., by William K. Diehl, Jr., for defendant, appellant.*

HEDRICK, Chief Judge.

[1]   The central issue on this appeal is whether the court erred in treating the separation agreement as a court order, subject to modification, under the terms of the consent judgment entered 16 February 1981. For the reasons set forth below, we hold that the court erred in its ruling, and accordingly vacate in part the judgment entered.

Because of "great confusion" generated by the "dual consent judgment approach," our Supreme Court recently abolished the traditional distinction in domestic law between consent judgments in which the court merely approves or sanctions a contractual agreement between the parties, and those in which the court adopts as its own, and thus incorporates into the judgment, the parties' agreement. *Walters v. Walters*, 307 N.C. 381, 386, 298 S.E. 2d 338, 342 (1983). Prior to the Court's decision in *Walters*, a separation agreement that was not incorporated into the consent judgment was treated as a court-approved contract, rather than a judgment, and was thus modifiable only by consent of the parties or through other traditional contract channels. *See Bunn v. Bunn*, 262 N.C. 67, 136 S.E. 2d 240 (1964); *Levitch v. Levitch*, 294 N.C. 437, 241 S.E. 2d 506 (1978). *Walters* expressly overruled *Bunn* and *Levitch*, however, and held that "whenever the parties bring their separation agreements before the court for the court's approval," the agreement will thereafter be treated not as a contract but rather as a "court ordered judgment . . . modifiable, and enforceable by the contempt powers of the court, in the same manner as any other judgment in a domestic relations case." *Walters* at 386, 298 S.E. 2d at 342.

Were *Walters* applicable to the facts of the instant case, we would have no difficulty in affirming the order appealed from. The Court in *Walters*, however, expressly limited the application

of the new rule adopted to that case "and all such judgments entered after this decision." *Id. See also Doub v. Doub,* 68 N.C. App. 718, 315 S.E. 2d 732 (1984), *modified and aff'd,* 313 N.C. 169, 326 S.E. 2d 259 (1985). *Walters* thus has no application in the instant case, in which the consent judgment was entered in 1981, and we must thus examine the court's order in light of the law prior to *Walters.*

We note at the outset that, under the clear terms of the 1981 consent judgment, the separation agreement was not incorporated into that judgment. Where a separation agreement is merely approved, rather than adopted, by the court under the terms of a consent judgment, it may not be modified or set aside by the court unless the parties consent. *Bunn* at 69, 136 S.E. 2d at 242. Thus the court erred in concluding that the provisions of the separation agreement regarding alimony were modifiable.

Defendant also assigns error to the court's conclusions that two provisions of the separation agreement were unenforceable and void as against public policy. We agree that the court erred in these conclusions, noting that the error in each case arose from Judge Sherrill's initial mischaracterization of the type of consent judgment before him.

[2] In the first instance, the court concluded that the provision in the separation agreement that child support payments would increase automatically based on the Consumer Price Index was void because such automatic variations give no consideration to the means or abilities of the parties and the needs of the child. It was for precisely this reason that this Court, in *Falls v. Falls,* 52 N.C. App. 203, 278 S.E. 2d 546, *disc. rev. denied,* 304 N.C. 390, 285 S.E. 2d 831 (1981), refused to sustain a similar provision in a *court order* for child support. The *Falls* Court also said, however:

> [W]e do not seek to discourage parties who, with a spirit of fairness and concern for their children, stipulate to a COLA formula for child support [since such a stipulation would seem to minimize] the risks of yearly resistance to increased support, with attendant legal expense and animosity.

*Id.* at 221, 278 S.E. 2d at 558 (citation omitted). We thus hold that the provision for automatic increases in child support as a function of the Consumer Price Index, contained in the contractual

agreement of the parties and not incorporated into the consent judgment, is not void as against public policy. Consequently, the court's calculation of arrearages owed by plaintiff to defendant, based on its holding that plaintiff's monthly child support obligation is in the amount of $300, is erroneous, and defendant is entitled to recover the full amount due under the terms of the separation agreement. Our holding in this regard in no way affects or lessens the court's well-recognized inherent authority to modify the separation agreement upon a showing that such modification is necessary to insure protection of the interests and welfare of the minor child. *McKaughn v. McKaughn,* 29 N.C. App. 702, 225 S.E.2d 616 (1976).

[3] The court also struck as void the provision in the separation agreement "which purports to 'fix' alimony at $1,000 per month." In *Rowe v. Rowe,* 305 N.C. 177, 287 S.E.2d 840 (1982), the Supreme Court noted that, in consent judgments in which the court adopts the parties' agreement as its order, a provision which purports to prohibit modification of alimony obligations is void because it conflicts with the public policy of our State as set out in G.S. 50-16.9(a):

>          An *order* of a court of this State for alimony . . . whether contested or entered by consent, may be modified . . . at any time. . . .

(Emphasis added.) In the instant case, however, the separation agreement provisions governing modification of alimony obligations never became part of a court order, and in no way do they offend public policy.

The result is: those portions of the judgment holding that the separation agreement is subject to modification by the court and striking as void as against public policy two provisions of that agreement are vacated; that part of the judgment awarding attorney fees, ordering plaintiff to pay defendant as alimony the amount of $1,000 per month, and that part of the judgment dismissing defendant's claim for reimbursement of tuition is affirmed; that part of the judgment ordering plaintiff to pay arrearages is affirmed; however, the cause is remanded to the district court for entry of an order requiring plaintiff to pay arrearages in the amount of $8,769.00, rather than $6,718.00.

Affirmed in part, vacated in part, and remanded.

Judges ARNOLD and COZORT concur.