ARLENE R. HARRIS v. HAROLD R. HARRIS

No. 424PA82

(Filed 8 March 1983)

1. **Divorce and Alimony § 19.5; Rules of Civil Procedure § 60; Specific Performance § 1— modification of prior specific performance order—reduction of support payments—court's powers in equity**

Where an earlier judgment had ordered that defendant specifically perform support provisions of a separation agreement requiring defendant to pay plaintiff each month an amount equivalent to 50% of his United States Army retirement pay, the trial court in the exercise of its powers in equity under G.S. 1A-1, Rule 60(b)(5) could modify the prior judgment to change the amount to be paid to plaintiff under the specific performance order from 50% of defendant's military retirement pay to 20% thereof. However, this modification of the specific performance order did not affect the parties' rights at law under the separation agreement.

Harris v. Harris

2. **Appeal and Error § 2; Divorce and Alimony § 21.6— authority to order assignment of military retirement pay—question not before appellate court**

    The issue of the trial court's authority to order an assignment of defendant's United States Army retirement pay under the federal definition of "alimony" was not before the Court of Appeals where the question of whether provisions of a separation agreement between the parties constituted "alimony" as defined by federal statutes was not litigated by the parties below and was not briefed or argued on appeal; defendant admitted in his brief that he executed the assignment and has made no objection to the order of assignment; and plaintiff has no standing to object to the assignment and does not in fact object thereto.

    Justice FRYE did not participate in the consideration or decision of this case.

APPEAL by the plaintiff from the decision of the Court of Appeals reported at 58 N.C. App. 175, 292 S.E. 2d 775 (1982). The plaintiff appealed to the Court of Appeals from an order by *Hair, Judge,* District Court, CUMBERLAND County, modifying an earlier judgment which ordered specific performance and required the defendant to pay the plaintiff an amount equivalent to fifty percent of his United States Army retirement pay in conformity with a separation agreement. The Court of Appeals held that the District Court improperly modified the separation agreement and that the District Court had no authority to order an assignment of the defendant's retirement pay. The plaintiff appealed from the part of the Court of Appeals' opinion vacating the District Court's order of assignment. The plaintiff's petition for discretionary review was allowed on 21 September 1982.

*William J. Townsend, attorney for plaintiff-appellant.*

*No Counsel Contra.*

MITCHELL, Justice.

    There are two main issues in the present case. The first issue is whether the District Court properly modified a prior judgment by reducing the amount of the defendant's obligation to make support payments to the plaintiff that the court had ordered the defendant to specifically perform. The second issue is whether the District Court lacked the authority to order an assignment of the defendant's United States Army retirement pay. We hold that the court in the exercise of its powers in equity could modify the prior judgment ordering specific performance of the separation

agreement of the parties but that this modification did not affect the parties' rights at law under the agreement. We further hold that the issue of the court's authority to order assignment of military retirement pay was not before the court and that the Court of Appeals should not have reached or decided that issue.

The plaintiff and the defendant were married in 1951 and entered into a separation agreement on 27 September 1974. The agreement provided, *inter alia*, that the defendant pay as support to the plaintiff "a sum equivalent to fifty percent (50%) of his United States Army retirement pay each month for his lifetime." The parties were subsequently divorced in June 1975 and the separation agreement was not incorporated into the divorce decree.

In 1977 the defendant stopped making payments and the plaintiff brought an action to enforce the separation agreement. On 9 November 1979 the jury returned a verdict in favor of the plaintiff and judgment was filed on 12 February 1980 ordering that the defendant specifically perform the support provisions of the separation agreement. That judgment was affirmed by the Court of Appeals. *Harris v. Harris*, 50 N.C. App. 305, 274 S.E. 2d 489, *disc. rev. denied*, 302 N.C. 397, 279 S.E. 2d 351 (1981). Following a motion by the plaintiff and a hearing on the motion, on 9 June 1981 the District Court found the defendant in contempt and ordered that he be imprisoned until he paid arrearages owed to the plaintiff. The next relevant occurrence was the 20 July 1981 order of the District Court that is the subject of this appeal. That order allowed the defendant to purge himself of the contempt by assigning ten percent of his monthly military retirement pay to satisfy arrearages owed the plaintiff in the amount of $15,390.00. The order further required the defendant to assign twenty percent of his monthly military retirement benefits to the plaintiff "for the purpose of securing future monthly alimony payments." Finally, the District Court modified the judgment on 12 February 1980 to change the amount of support to be paid to the plaintiff under the specific performance order from fifty percent of his retirement benefits to twenty percent of the benefits. The defendant executed the assignment of his retirement wages pursuant to the 20 July 1981 order of the District Court. The plaintiff appealed the 20 July 1981 order to the Court of Appeals. The Court of Appeals vacated the District Court's order. The Court of Ap-

peals held that the portion of the order modifying the amount of support that the defendant must pay the plaintiff was improper because the court had no authority to modify the separation agreement. The Court of Appeals also held that under federal law the payments to the plaintiff were not "alimony" and therefore the District Court could not order the assignment of the defendant's United States Army retirement pay.

[1] The plaintiff argued and the Court of Appeals held that the District Court lacked authority to modify the terms of the separation agreement by reducing the percentage of the defendant's military retirement pay to which the plaintiff was entitled. Had the District Court modified the separation agreement, we would affirm the Court of Appeals' opinion vacating that order. However, the District Court did not modify the separation agreement. Instead, the court only modified the previous judgment ordering specific performance.

The defendant made a Rule 60 motion to amend or vacate the 12 February 1980 judgment of the court which required the defendant to specifically perform the support terms of the separation agreement. Pursuant to that motion, the court ordered that "the Judgment of February 12, 1980 in this action, be, and the same is, hereby modified, and amended, in part . . . ." The court did not order a modification of the separation agreement.

A motion under Rule 60(b) is addressed to the sound discretion of the trial court and the court's ruling will not be disturbed without a showing that the court abused its discretion. *Sink v. Easter,* 288 N.C. 183, 217 S.E. 2d 532 (1975). G.S. 1A-1, Rule 60(b)(5) states that a court may relieve a party from a final judgment or order when "it is no longer equitable that the judgment should have prospective application." We have held that, since the federal rule is nearly identical to the North Carolina rule, the application of the federal rule can be helpful in interpreting the North Carolina statute. *Wiggins v. Bunch,* 280 N.C. 106, 184 S.E. 2d 879 (1971). An order directing specific performance may be modified if it is for specific performance in the future at various times, such as an order to perform pursuant to the terms of a contract with a long period to run. 7 Moore's Federal Practice, § 60.26[4] at n. 43. Furthermore, a court may hold a party in contempt for past violations of an order and at the same time relieve

the party of the prospective applicability of that order. *Id.* at n. 27. The District Court did just that.

The court ordered the defendant to pay arrearages, albeit at a rate of ten percent of his retirement pay per month, and then ordered the defendant to assign twenty percent of his monthly retirement pay rather than the amount "equivalent to fifty percent" agreed upon in the separation agreement. The plaintiff brought the original action seeking the equitable relief of specific performance and also brought the later action for contempt. The District Court initially ordered specific performance of the entire amount of the support provision of the separation agreement. The later decision to change the amount that would be subject to specific performance was not a modification of the separation agreement, but rather was an act within the court's equitable discretion when reviewing the previous specific performance order pursuant to the defendant's Rule 60 motion. See In Re Marriage of Sandy, 113 Cal. App. 3d 724, 169 Cal. Rptr. 747 (1980).

A court can properly order specific performance of only part of a contract if it deems another portion unworkable. *Munchak Corp. v. Caldwell,* 46 N.C. App. 414, 265 S.E. 2d 654 (1980), *modified on other grounds,* 301 N.C. 689, 273 S.E. 2d 281 (1981). The separation agreement here is a contract between the parties not subject to modification by the court. The 12 February 1980 judgment ordering specific performance was an exercise of the court's equitable powers and did not modify the separation agreement. In the exercise of its equitable powers, the court could order specific performance of all or only part of the contract and could modify its orders from time to time as equity required. The District Court in entering its order of 20 July 1981 found as a fact that the defendant was unable to comply with the support requirements of the 12 February 1980 judgment. Thus, the court determined that equity required a modification of the judgment. The District Court's exercise of its *powers in equity* in the present case did not affect the rights and obligations of the parties under the separation agreement. The plaintiff still has open to her the full range of remedies available *at law* for the enforcement of any remaining obligations under the separation agreement.

While the District Court couched the order in terms of modifying and amending the 12 February 1980 judgment the effect

and design of the court's action was to relieve the defendant of part of the prospective application of that judgment. This action was within the court's equitable power under Rule 60(b)(5). *But cf. Coleman v. Arnette*, 48 N.C. App. 733, 269 S.E. 2d 755 (1980) (Under a Rule 60(b)(6) motion the District Court attempted only to modify and make additions to a previous order). The separation agreement between the plaintiff and the defendant was not and is not modified by the order of 20 July 1981. Only the previous judgment of 12 February 1980 is affected, and the District Court properly exercised its equitable power to specifically enforce the separation agreement by ordering specific performance only to the extent of twenty percent of the defendant's military retirement pay.

[2] The plaintiff takes exception to the holding by the Court of Appeals that the District Court had no authority to order an assignment of the defendant's United States Army retirement pay. Although the Court of Appeals based its decision on the definition of "alimony" as applied in *McCarty v. McCarty*, 453 U.S. 210, 69 L.Ed. 2d 589, 101 S.Ct. 2728 (1981), we hold that the Court of Appeals incorrectly reached the issue of whether the District Court's order of assignment was proper.

Only the plaintiff appealed from the District Court's order of 20 July 1981 and the resulting opinion of the Court of Appeals. Although the plaintiff assigns as a question both before this Court and before the Court of Appeals the assignability of the retirement income, she has not raised the issue of whether the provisions of the separation agreement constitute "alimony" under the federal statute. It is apparent from the brief that the plaintiff is in actuality asserting another attack on the District Court's power to reduce the assignment to *only* twenty percent and ten percent of the military retirement pay, not on the court's power to assign *any* of the retirement pay. The defendant specifically declined to raise any issue relating to the power of the court to enter the order of assignment. Obviously, it is to the plaintiff's benefit to have at least a portion of the retirement pay assigned. In fact, even if the plaintiff had actually attacked the order of assignment, she would have been without standing to do so. The plaintiff had no right of assignment under the separation agreement because it provided only for "a sum equivalent to fifty percent" of the defendant's military retirement pay. Therefore,

the assignment could only be ordered by the court exercising its discretionary equitable powers. Since the plaintiff had no right to an assignment and a partial assignment was ordered, the plaintiff was not harmed by the order, absent a showing of abuse of discretion, and therefore cannot appeal. Only a party aggrieved may appeal. G.S. 1-271; *Rubber Co. v. Tire Co.,* 270 N.C. 50, 153 S.E. 2d 737 (1967); *Coburn v. Timber Corp.,* 260 N.C. 173, 132 S.E. 2d 340 (1963); *Langley v. Gore,* 242 N.C. 302, 87 S.E. 2d 519 (1955). The scope of review by an appellate court is usually limited to a consideration of the assignments of error in the record on appeal and it is well established that if the appealing party has no right to appeal the appellate court should dismiss the appeal *ex mero motu. Bailey v. Gooding,* 301 N.C. 205, 270 S.E. 2d 431 (1980); see also Rules of Appellate Procedure, Rule 10(a). When a party fails to raise an appealable issue, the appellate court will generally not raise it for that party. *Henderson v. Matthews,* 290 N.C. 87, 224 S.E. 2d 612 (1976). Since the parties have failed to cite authorities or bring forward an argument on the issue of the assignment of United States Army retirement pay under the federal definition of "alimony," the question is not properly before the Appellate Division.

An appellate court, of course, has the duty to declare a nullity any order made without authority by a trial court. This is true when there is no possible ground for the authority, even though the issue was not raised by either party. This is not, however, the situation that confronted the Court of Appeals in the present case. 42 U.S.C. § 659(a) makes armed service pay specifically subject to legal process for the enforcement of an individual's legal obligation to make alimony payments. 42 U.S.C. § 662(c) defines alimony to include "periodic payments of funds for the support and maintenance of the spouse (or former spouse)" and to exclude "any payment or transfer of property . . . in compliance with any . . . other division of property between spouses or former spouses." The Supreme Court in *McCarty v. McCarty,* 453 U.S. 210, 69 L.Ed. 2d 589, 101 S.Ct. 2728 (1981), applied this statute to preclude assignment to satisfy a property settlement incident to the dissolution of a marriage. This interpretation does not necessarily preclude all provisions in a separation agreement from falling within the "alimony" definition of 42 U.S.C. §§ 659(a) and 662(c). *See, e.g.,* 10 U.S.C. § 1408 (effective 1 February, 1983).

The question of whether the provisions of the separation agreement in the case *sub judice* constituted "alimony" as defined by the federal statutes was not litigated by the parties below and was not briefed or argued on appeal. Since the provisions in this separation agreement may be "alimony" within the federal definition, the District Court's order of assignment may be completely enforceable under the federal statute. In light of the fact that the defendant specifically states in his brief to the Court of Appeals that he executed the assignment and does not and did not object to the order and the fact that the plaintiff has no standing and does not in fact object, we hold that there was no justiciable issue of assignment before the Court of Appeals. Therefore, the Court of Appeals erred in deciding the case on the assignment issue.

The remaining issues decided by the Court of Appeals were not brought forward or argued before this Court and are included in the plaintiff's brief "for purposes of clarification" only. They are not part of the appeal to this Court, and we do not reach or decide them.

Based on the foregoing, we hold that the District Court properly modified the previous judgment ordering specific performance. We also hold that the Court of Appeals improperly vacated the 20 July 1981 order of the District Court. Therefore, the opinion of the Court of Appeals is reversed and the case is remanded for the entry of an order reinstating the District Court's order of 20 July 1981.

Reversed and remanded.

Justice FRYE did not participate in the consideration or decision of this case.