WILLIAM STACY ERHART v. PATSY HOWARD ERHART

No. 8326DC40

(Filed 6 March 1984)

**Divorce and Alimony § 19.5— inability of court to alter terms of deed of separation**

　　　In an action in which defendant sought specific performance of plaintiff's obligations to defendant under the terms of a deed of separation, the court was incorrect in its conclusion that because the order of specific performance was enforceable by contempt, the "Court has the equitable power to modify provisions regarding the amount of child support or alimony originally contracted for." The court cannot alter the terms of the contract even though the court can, in the exercise of its powers in equity, order specific performance of only such amount as it finds to be proper. This, however, does not alter defendant's rights at law under the agreement.

APPEAL by defendant from *Brown, Judge.* Judgment entered 22 September 1982 in District Court, MECKLENBURG County. Heard in the Court of Appeals 5 December 1983.

In June 1982 an order was entered in this action ordering specific performance of plaintiff's obligation to defendant under the terms of a deed of separation entered into on 27 May 1977, which, in pertinent part, is as follows:

8. The Husband agrees to pay to the Wife for her support, maintenance and alimony as follows:

(a) The Husband shall pay to the Wife for her support, maintenance and alimony the sum of $400.00 per month on or before the 5th day of each month with the first said payment being due and payable on or before the 5th day of June, 1977, with a like amount being due and payable for so long as the Wife may live or until she remarries.

This appeal stems from an order entered 22 September 1982, wherein, among other things, the Court held:

1. That a Court Order ordering specific performance against one party of a contractual provision is enforceable by the contempt powers of the Court.

2. An Order of specific performance being enforceable by the contempt power of the Court, the Court has the equitable power to modify provisions regarding the amount of child support or alimony originally contracted for, if the necessary facts to justify a modification are found by the Court.

The Court then ordered that plaintiff's monthly payment to defendant be reduced from $400.00 per month to $100.00.

*Wade and Carmichael, by R. C. Carmichael, Jr., for plaintiff-appellee.*

*Erwin and Beddow, by Fenton T. Erwin, Jr., for defendant-appellant.*

VAUGHN, Chief Judge.

The Court was without authority to alter the terms of the deed of separation and the order must be vacated.

The Court was incorrect in its conclusion that because the order of specific performance was enforceable by contempt, the "Court has the equitable power to modify provisions regarding the amount of child support or alimony originally contracted for."

The Court cannot alter the terms of the contract. The Court can, in the exercise of its powers in equity, order specific performance of only such amount as it finds to be proper. This, however, does not alter defendant's rights at law under the agreement. "We hold that the Court in the exercise of its powers in equity could modify the prior judgment ordering specific performance of the separation agreement of the parties but that this modification did not affect the parties' rights at law under the agreement." *Harris v. Harris*, 307 N.C. 684, 685-86, 300 S.E. 2d 369, 371 (1983).

"Had the District Court modified the separation agreement we would affirm the Court of Appeals' opinion vacating that order. However, the District Court did not modify the separation agreement. Instead the court only modified the previous performance." *Id.* at 687, 300 S.E. 2d at 372.

For the reasons stated, the order from which defendant appealed is vacated.

Vacated.

Judges HILL and BECTON concur.