DEBRA LYNNE AUSTIN JONES, Plaintiff v. LARRY WAYNE JONES, Defendant

No. COA00-618

(Filed 3 July 2001)

**Divorce— alimony—consent order—termination for cohabitation—separation agreement not affected**

An order directing defendant former husband to pay monthly alimony to plaintiff former wife was a consent order rather than an order of specific performance of the parties' separation agreement which required defendant to pay alimony to plaintiff where the parties did not submit the separation agreement to the trial

court for approval and the court did not incorporate the separation agreement or any part thereof into its order. Therefore, this order was modifiable, and the trial court erred by denying defendant's motion to terminate alimony under the consent order pursuant to N.C.G.S. § 50-16.9 on the ground of cohabitation by plaintiff where plaintiff admitted she was cohabiting with an adult male. However, the termination of defendant's court-ordered alimony obligation does not affect defendant's contractual alimony obligation under the parties' separation agreement.

Appeal by defendant from order entered 25 February 2000 by Judge Robert A. Evans in District Court, Wilson County. Heard in the Court of Appeals 28 March 2001.

*Connor, Bunn, Rogerson & Woodard, P.L.L.C., by Elizabeth McKinney Whitt, for the plaintiff-appellee.*

*Craft, Levin & Abney, L.L.P., by Wesley Abney, for the defendant-appellant.*

WYNN, Judge.

This appeal arises from the trial court's denial of the defendant's motion to terminate alimony under N.C. Gen. Stat. § 50-16.9.

The plaintiff and the defendant were married on 3 July 1975 and separated on 23 September 1992. Two children were born of the marriage. The parties executed a valid Separation Agreement on 26 January 1994, which provided, *inter alia*, for monthly alimony and child support payments by the defendant to the plaintiff. The alimony provision required the defendant to make monthly payments of $450.00 to the plaintiff "on or before the 5th day of each month," but provided for the termination of such obligation "upon the death of [the defendant], the death or remarriage of [the plaintiff], whichever comes first." The parties subsequently divorced but the Separation Agreement was not incorporated into the divorce judgment.

On 21 October 1997, the plaintiff filed a complaint seeking specific performance of certain provisions of the Separation Agreement. The trial court entered a consent order on 3 December 1998 requiring the defendant to, *inter alia*, continue making monthly child support payments to the plaintiff. The parties' older child reached eighteen years of age on 29 January 1999, and on 6 May 1999, the defendant

moved to modify the child support payments required by the 3 December 1998 consent order.

On 27 May 1999, the trial court entered an order reducing the defendant's monthly child support obligation. The trial court's order also made the following finding of fact:

13. The parties have agreed that defendant shall also pay the sum of $450.00 per month in alimony to plaintiff, said payment to be made directly to plaintiff and not through the office of the Clerk of Superior Court. Said alimony payment shall be paid in full by the fifteenth day of each month.

The trial court thereby ordered, by consent, that:

5. Defendant shall pay the sum of $450.00 per month in alimony to plaintiff, said payment to be made directly to plaintiff and not through the office of the Clerk of Superior Court. Said alimony payment shall be paid in full by the fifteenth day of each month. Except as modified herein, the previous order of December 03, 1998 remains in full force and [e]ffect.

On 15 July 1999, the defendant moved to terminate alimony under N.C. Gen. Stat. § 50-16.9 (1995), on the grounds of cohabitation by the plaintiff, as such term is defined in the statute. On 25 February 2000, the trial court entered an order wherein the court concluded that the defendant's contractual obligation to pay alimony pursuant to the Separation Agreement "is not terminated by plaintiff's cohabitation as the terms of the parties' Separation Agreement are not an order or judgment of the court." Accordingly, the trial court denied the defendant's motion and ordered the defendant to continue paying alimony to the plaintiff "pursuant to the terms of the Consent Order dated May 27, 1999." From this 25 February 2000 order, the defendant appeals.

The defendant's sole argument on appeal is that the trial court erred in denying his motion to terminate court-ordered alimony pursuant to the 27 May 1999 consent order, and in ordering the defendant to continue paying alimony pursuant to that court order. The defendant contends that his obligation to pay alimony pursuant to the 27 May 1999 order was subject to modification or termination pursuant to N.C. Gen. Stat. § 50-16.9. For the reasons below, we agree.

In *Bunn v. Bunn*, 262 N.C. 67, 136 S.E.2d 240 (1964), our Supreme Court discussed at length the nature of two types of consent judgments regarding alimony:

**JONES v. JONES**

[144 N.C. App. 595 (2001)]

> Consent judgments for the payment of subsistence to the wife are
> of two kinds. In one, the court merely approves or sanctions the
> payments which the husband has agreed to make for the wife's
> support and sets them out in a judgment against him. Such a judg-
> ment constitutes nothing more than a contract between the par-
> ties made with the approval of the court. [] In the other, the court
> adopts the agreement of the parties as its own determination of
> their respective rights and obligations and orders the husband to
> pay the specified amounts as alimony.
>
> A contract-judgment of the first type is enforceable only as an
> ordinary contract. It may not be enforced by contempt proceed-
> ings and, insofar as it fixes the amount of support for the wife, it
> cannot be changed or set aside except with the consent of both
> parties in the absence of a finding that the agreement was unfair
> to the wife or that her consent was obtained by fraud or mutual
> mistake.
>
> . . .
>
> A judgment of the second type, being an order of the court, may
> be modified by the court at any time changed conditions make a
> modification right and proper. The fact that the parties have
> agreed and consented to the amount of the alimony decreed by
> the court does not take away its power to modify the award or to
> enforce it by attachment for contempt should the husband wil-
> fully fail to pay it.

*Id.* at 69, 136 S.E.2d at 242-43 (citations omitted). As stated in
*Crutchley v. Crutchley*, 306 N.C. 518, 293 S.E.2d 793 (1982):

> Parties to a divorce may enter into a valid agreement settling the
> question of alimony, and unless the court then orders alimony to
> be paid, the terms of the agreement are binding and can only be
> modified by the consent of both parties.

306 N.C. at 524, 293 S.E.2d at 797. However, where the court incor-
porates the terms of a separation agreement into its judgment, the
agreement is superseded by the court's order. *Mitchell v. Mitchell*,
270 N.C. 253, 256, 154 S.E.2d 71, 73 (1967).

The bifurcated approach to consent judgments discussed in
*Bunn* came to an end with our Supreme Court's decision in *Walters
v. Walters*, 307 N.C. 381, 298 S.E.2d 338 (1983). The Court therein
noted that a trial court may exercise its contempt powers to enforce

all provisions of a court-adopted separation agreement, "since it is the court's order and not the parties' agreement which is being enforced." *Id.* at 385, 298 S.E.2d at 341. The Court abolished the then-existing dual consent judgment approach, establishing a rule that:

> [W]henever the parties bring their separation agreements before the court for the court's approval, it will no longer be treated as a contract between the parties. All separation agreements approved by the court as judgments of the court will be treated similarly, to-wit, as court ordered judgments. These court ordered separation agreements, as consent judgments, are modifiable, and enforceable by the contempt powers of the court, in the same manner as any other judgment in a domestic relations case.

*Id.* at 386, 298 S.E.2d at 342.

In *Erhart v. Erhart*, 67 N.C. App. 189, 312 S.E.2d 534 (1984), this Court considered the question of whether, by entering an order for specific performance of the terms of a deed of separation, the trial court thereby derives the power to subsequently modify an alimony provision contained in the deed of separation. This Court held that the mere entry of an order of specific performance does not empower the trial court to alter the terms of the contract, stating:

> The [trial c]ourt can, in the exercise of its powers in equity, order specific performance of only such amount [of alimony] as it finds to be proper. This, however, does not alter [the dependent spouse's] rights at law under the agreement. "We hold that the Court in the exercise of its powers in equity could modify the prior judgment ordering specific performance of the separation agreement of the parties but that this modification did not affect the parties' rights at law under the agreement." *Harris v. Harris,* 307 N.C. 684, 685-86, 300 S.E.2d 369, 371 (1983).

*Id.* at 191, 312 S.E.2d at 535. That is, where the trial court orders the specific performance of a separation agreement, the court may subsequently modify the specific performance order, but such modification affects *only* the order of specific performance, and does not affect the rights and obligations of the parties under the original separation agreement. *See id.; Harris,* 307 N.C. at 688, 300 S.E.2d at 372-73.

In the instant case, the plaintiff's "Complaint for Specific Performance" filed on 21 October 1997 requested that the trial court

"specifically enforce" the Separation Agreement. The 2 December 1998 consent order entered by the trial court concluded that "[t]he parties executed a valid separation agreement and the Plaintiff is entitled to specifically enforce the terms and conditions set forth therein." This consent order did not address the Separation Agreement's alimony provision.

However, the 27 May 1999 consent order, entered by the trial court in response to the defendant's motion to modify child support, included a finding that the parties agreed that the defendant shall pay the plaintiff $450.00 monthly in alimony. Notably absent from this finding of fact is any reference to the Separation Agreement. Likewise, the directive ordering the defendant to make such payments to the plaintiff makes no reference to the Separation Agreement. It is not apparent from the record that the parties brought the Separation Agreement, or any portion thereof, before the trial court for approval as a judgment of the court; nor does it appear that the parties requested that the court order the specific performance of the Separation Agreement's alimony provision. We further note that the court-ordered alimony differs from the contractual alimony provision in the Separation Agreement, extending the payment deadline to the fifteenth day of each month, rather than the fifth day of each month as mandated by the Separation Agreement.

The trial court's 27 May 1999 order, which directs the defendant to make monthly alimony payments, is in the nature of a consent order rather than an order for specific performance. This order does not direct such alimony payments to be made under the terms of the Separation Agreement, nor does it order specific performance of the alimony provision therein. Rather, the court order finds as fact that "[t]he parties have agreed that defendant shall [] pay," and accordingly orders the defendant to pay, such alimony.

We conclude that the trial court's 27 May 1999 order constituted a consent order rather than an order of specific performance of the Separation Agreement, and therefore the order of alimony therein was subject to modification by the trial court under N.C. Gen. Stat. § 50-16.9. *See Rowe v. Rowe*, 305 N.C. 177, 184, 287 S.E.2d 840, 844 (1982) (by enacting N.C. Gen. Stat. § 50-16.9, our legislature "clearly expressed that it is the public policy of this state that consent orders to pay alimony are modifiable").

N.C. Gen. Stat. § 50-16.9(b) provides that where "a dependent spouse who is receiving . . . alimony from a supporting spouse under

a judgment or order of a court of this State . . . engages in cohabitation, the . . . alimony shall terminate." The defendant alleges in his motion to terminate alimony, and the plaintiff acknowledges in her response thereto, that she "is engaged in cohabitation with an adult male," as that term is defined in N.C. Gen. Stat. § 50-16.9. As such, the trial court erred in denying the defendant's motion to modify its 27 May 1999 order pertaining to alimony by terminating the defendant's court-ordered alimony obligation.

Nonetheless, we emphasize that the termination of the defendant's court-ordered alimony obligation under the 27 May 1999 consent order in no way affects the defendant's contractual alimony obligation under the parties' Separation Agreement, as the parties neither submitted the Separation Agreement to the trial court for approval, nor did the trial court specifically incorporate the Separation Agreement, or any terms thereof, into the 27 May 1999 consent order. *See Walters*, 307 N.C. at 386-87, 298 S.E.2d at 342 (parties to a separation agreement can avoid having agreement treated as a modifiable court-ordered judgment by not submitting the agreement to the court; parties may choose to submit portions of the agreement to the court for approval, rendering such portions, and such portions alone, enforceable and modifiable as a court order); *Pitts v. Broyhill*, 88 N.C. App. 651, 655, 364 S.E.2d 738, 741 (1988) ("once a separation agreement is incorporated into a court order, it loses its character as a contract and becomes a court order"). Where a separation agreement is neither submitted, by one or both parties thereto, to the trial court for its approval, nor specifically incorporated into a court order or judgment, the separation agreement is preserved as a contract and remains enforceable and modifiable only under traditional contract principles. *See Walters*, 307 N.C. at 386, 298 S.E.2d at 342. The 27 May 1999 order was a consent order, and the alimony provision therein was by consent of the parties, without any apparent basis in the Separation Agreement; thus, the termination of the defendant's alimony obligation under the 27 May 1999 order does not diminish or affect his contractual alimony obligation under the Separation Agreement.

The trial court's 25 February 2000 order is therefore reversed and remanded for entry of an order not inconsistent with this opinion.

Reversed and remanded.

Judges TIMMONS-GOODSON and HUDSON concur.