WILLIAM C. PORTER, Plaintiff v. NELL B. PORTER, Defendant

No. COA11-899

(Filed 20 December 2011)

**Divorce—equitable distribution—separation agreement—continuing effect**

The trial court erred by ordering equitable distribution in contravention of the express terms of a Separation Agreement entered into in 1988 as part of an earlier separation. The parties specifically agreed that the agreement provisions regarding settlement of property rights would continue in full force and effect should the parties reconcile and resume the marital relationship.

**PORTER v. PORTER**

[217 N.C. App. 629 (2011)]

Appeal by plaintiff from order entered 17 February 2011 by Judge Napoleon B. Barefoot, Jr. in Brunswick County District Court. Heard in the Court of Appeals 28 November 2011.

*Gailor, Wallis & Hunt, P.L.L.C., by Stephanie T. Jenkins, Stephanie J. Gibbs, and Carrie J. Buell, for plaintiff–appellant.*

*Wright, Worley, Pope, Ekster & Moss, P.L.L.C., by Paul J. Ekster and Rick W. Scott, and Stiller and Disbrow, by Jason Disbrow, for defendant–appellee.*

MARTIN, Chief Judge.

Plaintiff William C. Porter ("husband") appeals from the trial court's 17 February 2011 equitable distribution order. We vacate the order and remand for additional proceedings consistent with this opinion.

Husband and defendant Nell B. Porter ("wife") were married on 28 April 1968; no children were born of the marriage. On 29 March 1988, the parties separated and signed a Separation Agreement and Property Settlement ("the Agreement"). Sometime after this separation, the parties reconciled and resumed their marital relationship until they separated again on 15 June 2005.

Husband filed an action for absolute divorce from wife. Wife counterclaimed, seeking an unequal equitable distribution of the marital and divisible assets in her favor and seeking attorney's fees. Husband's reply to wife's counterclaims alleged that the Agreement is "a complete bar to [wife's] claim to any of [husband's] property, both real and personal, and [is] a complete bar to [wife's] claim for equitable distribution." On 7 March 2007, the court granted husband's claim for absolute divorce from wife, and further ordered that the 1988 Agreement "is incorporated into this divorce judgment and is made a part hereof, fully enforceable as provided by law." The court also decreed that the "pending claims for equitable distribution are held open for disposition by the [c]ourt at a later date." At a later hearing on wife's counterclaim for equitable distribution, after considering the parties' sworn testimony, stipulations, and the record before it, the trial court distributed assets valued at $769,100.00 to husband, and distributed assets valued at $706,207.33[1] to wife, and

---

1. The trial court found that the assets awarded to wife were valued at $706,207.33 as of the date of separation, and valued at $700,957.00 as of the date of trial.

ordered that the parties share the costs of the action equally. Husband appealed.

---

Husband's only contention on appeal is that the trial court erred by considering wife's counterclaim for equitable distribution because such a claim was barred by the terms of the Agreement. We must agree.

"The [Equitable Distribution Act] provides for a judicial determination of the distribution of the property accumulated during the marriage, a distribution reflecting the contribution of each party to the family, whether that contribution be in the form of wages brought in or domestic services provided." *Hagler v. Hagler*, 319 N.C. 287, 289, 354 S.E.2d 228, 232 (1987). However, "[u]nder [N.C.G.S. § 50 20(d)], [b]efore, during or after marriage[,] the parties may by written agreement . . . provide for distribution of the marital property or divisible property, or both, in a manner deemed by the parties to be equitable and the agreement shall be binding on the parties." *McIntyre v. McIntyre*, 188 N.C. App. 26, 30, 654 S.E.2d 798, 801 (third alteration and omission in original) (internal quotation marks omitted), *aff'd per curiam*, 362 N.C. 503, 666 S.E.2d 749 (2008); *see also Hagler*, 319 N.C. at 290, 354 S.E.2d at 232 ("Our statutes . . . contain a mechanism whereby the parties to a marriage may forego equitable distribution and decide themselves how their marital estate will be divided upon divorce."). "These agreements are favored in this [S]tate, as they serve the salutary purpose of enabling marital partners to come to a mutually acceptable settlement of their financial affairs." *Hagler*, 319 N.C. at 290, 354 S.E.2d at 232.

Moreover, " '[w]henever the parties bring [a] separation agreement[] before the court for the court's approval, it will no longer be treated as a contract between the parties.' " *Jones v. Jones*, 144 N.C. App. 595, 599, 548 S.E.2d 565, 567 (2001) (quoting *Walters v. Walters*, 307 N.C. 381, 386, 298 S.E.2d 338, 342 (1983)). Instead, " '[a]ll separation agreements approved by the court as judgments of the court will be treated similarly, to-wit, as court ordered judgments.' " *Id.* (*quoting Walters*, 307 N.C. at 386, 298 S.E.2d at 342). Thus, "where the court incorporates the terms of a separation agreement into its judgment, the agreement is superseded by the court's order." *Id.* at 598, 548 S.E.2d at 567 (citing *Mitchell v. Mitchell*, 270 N.C. 253, 256, 154 S.E.2d 71, 73 (1967)).

In the present case, the parties separated and entered into the Agreement on 29 March 1988, which provided, in relevant part:

PORTER v. PORTER

[217 N.C. App. 629 (2011)]

6. Husband hereby relinquishes and releases all his right, title and interest in and to all the personal property or estate of the Wife; he does further renounce his right to administer upon her estate in case of her death intestate and does hereby release, renounce and relinquish his right to become a distributee in the estate of said Wife. Husband does hereby further release and relinquish all his right and interest in and to any and all real or personal property owned by Wife or that she may hereafter own.

Without limitation of the foregoing, Husband hereby specifically discharges, releases, relinquishes and surrenders any and all claims, demands, and rights of inheritance, descent, distribution, curtesy, and Statutory Share in or to all real and personal property of Wife, whether now owned or hereafter acquired by her, and all rights and claims growing out of the marital relationship or otherwise, including any right of election to take against the will of Wife.

7. Wife hereby relinquishes and releases all her right, title and interest in and to all the personal property or estate of the Husband; she does further renounce her right to administer upon his estate in case of his death intestate and does hereby release, renounce and relinquish her right to become a distributee in the estate of said Husband. Wife does hereby further release and relinquish all her right and interest in and to any and all real or personal property owned by Husband or that he may hereafter own.

Without limitation of the foregoing, Wife hereby specifically discharges, releases and surrenders any and all claims, demands and rights of inheritance, descent, distribution, dower, and Statutory Share in and to all real and personal property of Husband, whether now owned or hereafter acquired by him, and all rights and claims growing out of the marital relationship or otherwise, including any right of election to take against the will of Husband.

8. It is stipulated and agreed between the parties that should either of the parties file for and obtain a divorce in any lawful Court of the United States that both parties consent for this Separation Agreement and Property Settlement to be incorporated into the Divorce Judgment with the same force and effect as if the Separation Agreement and Property Settlement

had been entered as a Judgment of the Court, either prior to, simultaneous with, or subsequent to the obtaining of the divorce.

. . . .

10. Each of the parties hereto acknowledges that this Separation Agreement and Property Settlement has been entered into of his or her own volition, with full knowledge of the facts, and full information as to the legal rights of equitable distribution and distributive award contained in North Carolina General Statute Section 50 20, and that the parties hereto deem this Agreement to be a reasonable, equitable, and fair distribution of the marital property and any property not specifically provided for under this Agreement shall be deemed to be separate property to be solely owned by the party holding title to the same.

. . . .

13. In the event of the reconciliation and resumption of the marital relationship between the parties, the provisions of this agreement for settlement of property rights shall nevertheless continue in full force and effect without abatement of any term or provision thereof, except as otherwise provided by written agreement duly executed by each of the parties after the date of reconciliation.

Thus, according to the express terms of the Agreement, and with "full information as to the legal rights of equitable distribution and distributive award contained in North Carolina General Statute Section 50 20," husband and wife agreed that each would relinquish "any and all claims" to "any and all real or personal property owned by [the other party] or that [said party] may hereafter own." In other words, the parties exercised the "broad contractual freedom" afforded them under North Carolina law by entering into their 1988 Agreement and foregoing their right to seek equitable distribution of the marital estate. *See* 3 Suzanne Reynolds, *Lee's North Carolina Family Law* § 14.50c, at 14 145 (5th ed. 2002) [hereinafter *Lee's Family Law*]. Additionally, the parties specifically contemplated and agreed that, were they to reconcile and resume the marital relationship after entering into the Agreement in 1988, the provisions of the Agreement regarding "settlement of property rights shall . . . continue in full force and effect without abatement of any term or provision thereof."

Thus, the Agreement "makes the parties' intent clear" that the provisions regarding ownership of property acquired after husband and wife entered into the 1988 Agreement were to remain unaffected by any later reconciliation and resumption of the marital relationship. *See Lee's Family Law* § 14.50c, at 14 146. Accordingly, we conclude that the trial court erred by ordering equitable distribution of the property in contravention of the express terms of the now-court-ordered Agreement. Therefore, we vacate the trial court's order for equitable distribution and remand with instructions to distribute the property in accordance with the terms of the parties' Agreement, which provided that "any property not specifically provided for under this Agreement shall be deemed to be separate property to be solely owned by the party holding title to the same." Our decision renders it unnecessary to consider the parties' remaining arguments.

Vacated and remanded.

Judges ELMORE and STEPHENS concur.